ARMED SERVICES BOARD OF CONTRACT APPEALS

Appeal of --                                )
                                            )
The R.R. Gregory Corporation                )        ASBCA No. 58517
                                            )
Under Contract No. DACA31-00-C-0037         )

APPEARANCE FOR THE APPELLANT:        Brian Cohen, Esq.
                                       Greenburg & Spence, L.L.C.
                                       Gaithersburg, MD

APPEARANCES FOR THE GOVERNMENT:      Thomas H. Gourlay, Jr., Esq.
                                       Engineer Chief Trial Attorney
                                     Richard P. White, Esq.
                                       Engineer Trial Attorney
                                       U.S. Army Engineer District, Baltimore

OPINION BY ADMINISTRATIVE JUDGE JAMES
ON THE GOVERNMENT'S MOTION TO DISMISS FOR LACK OF JURISDICTION

The government moves to dismiss this appeal for lack of jurisdiction asserting that appellant's claim, submitted more than six years after the government withheld liquidated damages, is barred by the Contract Disputes Act of 1978 (CDA), 41 U.S.C. §§ 7109-7109, statutory limitation period. Appellant opposed the motion, arguing that its claim is timely because it did not accrue until the expiration of the government's time to issue a decision withholding liquidated damages and the government's withholding of liquidated damages, without a final decision, was invalid. The government replied to appellant's opposition, and appellant submitted a sur-reply. We grant the motion and dismiss the appeal.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. The U.S. Army Corps of Engineers (government) awarded Contract No. DACA31-00-C-0037 (the contract) for $6,998,000 to The R.R. Gregory Corporation (Gregory) on 30 September 2000 for construction of a new physical fitness center at Walter Reed Army Medical Center in Washington, DC (R4, tabs 2, 3).

2. The contract incorporated by reference the FAR 52.233-1, DISPUTES (DEC 1998) clause, which stated in relevant part:

> (c) "Claim," as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum

certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract.... A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim under the Act....

> (d)(1)...A claim by the Government against the Contractor shall be subject to a written decision by the Contracting Officer.

and the FAR 52.211-12, LIQUIDATED DAMAGES—CONSTRUCTION (APR 1984) clause, whose ¶ (a) stated:

> If the Contractor fails to complete the work within the time specified in the contract, or any extension, the Contractor shall pay to the Government as liquidated damages [LDs], the sum of $1,015.00 for each day of delay.

(R4, tab 2 at 6[1], 21)

3. The contracting officer (CO) issued to Gregory a notice to proceed to perform the contract on 13 November 2000, which Gregory received on 17 November 2000, establishing an original contract completion date of 12 November 2001 (R4, tab 4; compl. & answer ¶ 5).

4. Thirteen of the 34 contract modifications gave Gregory a total of 549 days of time extensions. Bilateral Modification No. P00034 set the final contract completion date of 15 May 2003. (R4, tabs 5-8, 10, 12-13, 15-16, 19, 28-29, 32)

5. Administrative CO (ACO) Jeffrey J. Werner's 12 November 2002 letter to Gregory expressed disappointment with its "lack of progress towards completion" of the contract and stated "that as of 1 December 2002, the Government will withhold from your pay request liquidated damages in the contractually specified amount of $1,015.00 per day" until Gregory demonstrated substantially improved progress (R4, tab 9).

6. The government's 27 January 2003 payment estimate for the period 1 November 2002 through 31 December 2002 withheld $31,465 for 31 days of LDs (R4, tab 14). Gregory's 18 February 2003 letter to ACO Werner acknowledged receipt of the foregoing payment estimate and disputed the withheld LDs (app. supp. R4, tab 43).

---

[1] Rule 4 page cites are to their Bates numbers.

2

7. The government's 21 May 2003 payment estimate No. 14 for the period 1 January 2003 through 30 April 2003 withheld an additional $121,800 in LDs for 120 days, and set forth $153,265 (31+120 days x $1,015) total LDs withheld under the contract (R4, tab 17). Gregory's 13 June 2003 letter to ACO Werner acknowledged receipt of that payment estimate, and requested that the LDs be withdrawn due to unadjusted stop work orders and change proposals during the period those LDs were assessed (R4, tab 18).

8. The government's 13 November 2003 payment estimate No. 16 withheld from payment to Gregory $284,200 in LDs for 280 days for the period 25 December 2002 through 30 September 2003 (R4, tab 20). The government's 11 February 2004 payment estimate No. 18 changed the LD withholding to $203,000 for 200 days (R4, tab 23).

9. ACO Werner's 17 February 2004 letter to Gregory acknowledged that work under the contract was substantially complete effective 3 October 2003 (R4, tab 24).

10. Gregory's 26 February 2004 letter to Mr. Werner stated that the time extension and the time left to be negotiated were unresolved areas (R4, tab 25).

11. Effective 28 July 2004 bilateral Modification No. P00034 extended the contract completion date to 15 May 2003 (R4, tab 32). The government's 4 August 2004 pay estimate No. 19 stated that LDs of $143,115 for 141 days were withheld for the period 16 May through 2 October 2003 (R4, tab 33).

12. By his 28 August 2006 email to Gregory, government engineer Alan Andrysiak stated: "As of this date, the contract shows that work was completed 141 days late. Therefore, I have held out LD's at $1015/day, for a total withholding of $143,115.00, pending any adjustment to the contract completion date that is made during contract close-out." (R4, tab 34)

13. From 2006 to 2010 the parties intermittently discussed time extensions for unadjusted change orders (app. supp. R4, tabs 48-56; app. opp'n, exs. 3-4, 11-14).

14. On 30 September 2011 Gregory requested extensions for change orders Nos. 17051 for 60 days; 17054 for 379 days; 17107 for 2 days; and 17116 for 30 days. Army engineer Drew White (apparently not a CO) denied that request finding that the "latest possible claim accrual dates" for those changes were 8 November 2002, 30 September 2001, 5 November 2003, and 13 November 2003, respectively, and hence the request was submitted more than six years after such dates. (App. opp'n, ex. 16; R4, tab 1 at 2)

3

15. Gregory's 24 August 2012 letter to the CO submitted a certified claim for the $143,115 in LDs the government had withheld, but for which it had issued no final CO's decision, and requested a CO's decision thereon (R4, tab 1 at 1-3).

16. On 24 January 2013, Gregory appealed to the Board on the basis of a deemed denial of its 24 August 2012 claim because the CO had neither issued a final decision or indicated when one would be forthcoming.

## Relevant Statutes and Regulations

The CDA, 41 U.S.C. § 7103, provides in pertinent part:

### § 7103. Decision by contracting officer

**(a) Claims Generally.—**
**(1) Submission of contractor's claims to contracting officer.**—Each claim by a contractor against the Federal Government relating to a contract shall be submitted to the contracting officer for a decision.
**(2) Contractor's claims in writing.**—Each claim by a contractor against the Federal Government relating to a contract shall be in writing.
**(3) Contracting officer to decide federal government's claims.**—Each claim by the Federal Government against a contractor relating to a contract shall be the subject of a written decision by the contracting officer.
**(4) Time for submitting claims.—**
**(A) In general.**—Each claim by a contractor against the Federal Government relating to a contract and each claim by the Federal Government against a contractor relating to a contract shall be submitted within 6 years after the accrual of the claim.[2]

....

**(f) Time for Issuance of Decision.—**

....

---

[2] This statutory limitation was added to 41 U.S.C. § 605(a) by Pub. L. No. 103-355, § 2351(a), effective 1 October 1995, the effective date of FAC 90-32, and was recodified as 41 U.S.C. § 7103(a)(4)(A) by Pub. L. No. 111-350, § 3, on 4 January 2011.

**(5) Failure to issue decision within required time period.**—Failure by a contracting officer to issue a decision on a claim within the required time period is deemed to be a decision by the contracting officer denying the claim and authorizes an appeal or action on the claim as otherwise provided in this chapter. However, the tribunal concerned may, at its option, stay the proceedings of the appeal or action to obtain a decision by the contracting officer.

As of September 2000, FAR 33.201 provided the following pertinent definitions:

"Accrual of a claim" occurs on the date when all events, which fix the alleged liability of either the Government or the contractor and permit assertion of the claim, were known or should have been known. For liability to be fixed, some injury must have occurred. However, monetary damages need not have been incurred.

Claim, as used in this subpart, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to the contract.... A voucher, invoice, or other routine request for payment that is not in dispute when submitted is not a claim. The submission may be converted to a claim, by written notice to the contracting officer as provided in 33.206(a), if it is disputed either as to liability or amount or is not acted upon in a reasonable time.[3]

and FAR 33.206 provided in pertinent part:

33.206 Initiation of a claim.

(a) Contractor claims shall be submitted, in writing, to the contracting officer for a decision within 6 years after accrual of a claim, unless the contracting parties agreed to a shorter time period....

---

[3] The "claim" definition was transferred to FAR 2.101 by FAC 2001-08, 29 July 2002.

(b) The contracting officer shall issue a written decision on any Government claim initiated against a contractor within 6 years after accrual of a claim, unless the contracting parties agreed to a shorter time period....

### The Parties' Contentions

The government argues that Gregory's 24 August 2012 claim for remission of LDs accrued on 27 January 2003, the date the government first withheld LDs, or at the latest, 4 August 2004, the date of its final pay estimate which clearly stated that the government withheld $143,115 for 141 days of LDs. Thus, Gregory's 24 August 2012 claim was submitted more than two years after the statutory six-year limit. The government also argues that this appeal cannot be based on an affirmative government claim, because the CO issued no decision on or after 26 October 2012. (Gov't mot. at 4-5)

Gregory argues that assessment of LDs is a government claim, so the CDA required the CO to issue a decision assessing LDs within the CDA's six-year statute of limitations. The government had knowledge of all the facts needed to establish liability for LDs by 3 October 2003, the date it set for substantial completion of the contract. Thus, the government's claim accrued not later than 3 October 2003, the date of substantial completion. Since the CO failed to issue such a decision, the government's claim is time barred. Gregory concludes that its claim accrued six years after 3 October 2003, i.e., on 3 October 2009, when the government was required, but failed to issue, its LDs claim, and as late as 2011 the government was considering Gregory's requests for further adjustment of the contract completion date due to unadjusted change orders. Thus, Gregory's 24 August 2012 claim was timely. (App. opp'n at 7-8)

### DECISION

A contractor claim not submitted, or a government claim not issued, within six years after accrual of the claim is beyond the Board's jurisdiction to adjudicate. *See Systems Development Corp. v. McHugh*, 658 F.3d 1341, 1345 (Fed. Cir. 2011) (contractor compliance with the 6-year statutory time limit on the presentment of a claim to a CO is a jurisdictional prerequisite for any subsequent appeal of the CO's decision on that claim); *Raytheon Missile Systems*, ASBCA No. 58011, 13 BCA ¶ 35,241 at 173,015 (we lack jurisdiction over an appeal from an untimely claim); *The Boeing Co.*, ASBCA No. 57490, 12-1 BCA ¶ 34,916 at 171,672 (untimely government claim is beyond Board's jurisdiction to review).

As proponent of its claim, Gregory bears the burden of proving the Board's jurisdiction. *See Raytheon Missile Systems*, 13 BCA ¶ 35,241 at 173,015 ("By advocating in response to Raytheon's motion [to dismiss for lack of jurisdiction due to

CDA statute of limitations] that its decision is valid, the government is effectively the proponent of our jurisdiction and therefore bears the burden of proving it.... *See Cedars-Sinai Medical Ctr. v. Watkins*, 11 F.3d 1573, 1584 (Fed. Cir. 1993) (holding that, once challenged, the proponent of jurisdiction bears the burden of proving facts sufficient to support" it.)).

To determine the date when all events that fix liability and permit assertion of a claim were known or should have been known, one must examine the legal basis of the claim. *See Gray Personnel, Inc.*, ASBCA No. 54652, 06-2 BCA ¶ 33,378 at 165,475. Under construction contracts, LDs may be assessed for the period between the contract completion date and the date of beneficial occupancy or substantial completion. *See Hedgecock Electric, Inc.*, ASBCA No. 56307, 12-2 BCA ¶ 35,086 at 172,314-15; *Strand Hunt Construction, Inc.*, ASBCA No. 55905, 13 BCA ¶ 35,287 at 173,186 ("substantial completion" and "beneficial occupancy" are used interchangeably in construction cases).

Here, the contract completion date was last extended to 15 May 2003 (SOF ¶ 11). LDs accruing after 15 May 2003 were withheld, in part, in pay estimate No. 16 on 13 November 2003 for the period after 15 May 2003 (SOF ¶ 8). Gregory knew that the contract completion date had not been extended beyond 15 May 2003, and the CO on 13 November 2003 first assessed LDs against it for the days after 15 May 2003. On 4 August 2004, the CO definitized the assessment (SOF ¶ 11). Thus, Gregory should have known it had to submit a CDA claim for their remission by 13 November 2003 or by 4 August 2004. Hence, the CDA six year statute of limitations to contest that LD assessment expired on 13 November 2009, or at the latest on 4 August 2010. Therefore, Gregory's 24 August 2012 certified claim (SOF ¶ 15) was time barred.

Gregory argues that the contract completion date should be extended beyond 15 May 2003 for unadjusted change orders, and that from 2006 to 2011 the parties discussed that issue (SOF ¶¶ 13-14). However, to establish contractual LD liability, it is not necessary to determine the exact number of days in the period from the last contract completion date to the date of substantial completion and the exact dollar amount of LDs. In *Raytheon Missile Systems*, 13 BCA ¶ 35,241 at 173,017, we rejected the government's arguments that it had been injured by the contractor's alleged CAS noncompliance only when DCAA calculated a $6.2 million price impact, and the parties' further discussions about merits and degree of financial impact of its claim suspended its accrual. We held:

> Accrual of a contracting party's claim is not suspended
> until it performs an audit or other financial analysis to
> determine the amount of its damages. "[A] single party
> [cannot] postpone unilaterally and indefinitely the running of
> the statute of limitations." *United States v. Commodities
> Export Co.*, 972 F.2d [1266,] 1271 [(Fed. Cir. 1992)].
> *Raytheon*, 104 Fed. Cl. at 330-33. Damages need not have

actually been calculated for a claim to accrue. *See CACI Int'l, Inc.,* ASBCA No. 57559, 12-1 BCA ¶ 35,027 at 172,138-39. The fact of an injury must simply be knowable.

*See also Lockheed Martin Corp.,* ASBCA No. 57525, 12-1 BCA ¶ 35,017 at 172,065 ("the accrual definition and the case law make clear that a claimant need not be aware of the full impact of its increased costs/damages for its claim to accrue; however, for liability to be fixed at least some injury to the claimant must be shown"); *McDonnell Douglas Services, Inc.,* ASBCA No. 56568, 10-1 BCA ¶ 34,325 at 169,528 ("When monetary damages are alleged, some extra costs must have been incurred before liability can be fixed and a claim accrued, but there is no requirement that a sum certain be established") (citing *Gray Personnel,* 06-2 BCA ¶ 33,378 at 165,476)). Here, once LDs were assessed, Gregory's claim for their remission accrued.

Gregory further argues that the CO failed to issue a final decision giving it notice of its appeal rights with respect to the government's assessment of $143,115 in LDs for 141 days of delay; hence its claim accrued six years after 3 October 2003, *viz.,* on 3 October 2009, so its 24 August 2012 claim was timely (app. opp'n at 10-18). The government counters that it had the right to withhold LDs from Gregory's payment requests even though the CO issued no decision formally claiming such LDs, citing *Johnson v. All-State Construction, Inc.,* 329 F.3d 848, 854-55 (Fed. Cir. 2003), where the court rejected the contractor's argument that withholding LDs could not precede a CO's final decision (gov't reply br. at 7). *See also Dick Pacific/GHEMM, JV,* ASBCA No. 55826, 08-2 BCA ¶ 33,933 at 167,925 (we rejected the argument that the government "cannot withhold 'possible' liquidated damages…indefinitely without the CO's making an entitlement decision," holding that the government had the right to set off the disputed LDs on pay estimate No. 70) (citing *Johnson v. All-State*)). We agree. Furthermore, Gregory's demand for the return of the withheld LDs required its own timely claim to be submitted within six years of its accrual. *See M. Maropakis Carpentry, Inc. v. United States,* 609 F.3d 1323, 1330-31 (Fed. Cir. 2010) (the government's refusal to release the contract balance to the contractor effectively made a decision on the government's liquidated damages claim despite the absence of a final decision thereon (citing *Placeway Construction Corp. v. United States,* 920 F.2d 903, 906 (Fed. Cir. 1990)); a contractor seeking an adjustment of contract terms must meet the jurisdictional and procedural requirements of the CDA, whether asserting the claim against the government as an affirmative claim or as a defense to a government claim).

## CONCLUSION

We hold that we lack CDA jurisdiction of this appeal. The government's motion to dismiss for lack of jurisdiction is granted and the appeal is dismissed.

Dated: 6 February 2014

DAVID W. JAMES, JR.
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

MARK N. STEMPLER
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

MARK A. MELNICK
Administrative Judge
Acting Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 58517, Appeal of The R.R. Gregory Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

9