**PLACEWAY CONSTRUCTION CORPORATION, Plaintiff–Appellant,**

v.

**The UNITED STATES, Defendant–Appellee.**

**No. 90–5017.**

United States Court of Appeals, Federal Circuit.

Decided Aug. 7, 1990.

Order on Grant of Rehearing in part Nov. 14, 1990.

the former Fifth Circuit handed down prior to October 1, 1981.

Vincent J. Zichello, of Bergadano, Zichello & Babchick, New York City, for plaintiff-appellant.

Julie A. Helitzer, of the Civ. Div., Dept. of Justice, Washington, D.C., for defendant-appellee. With her on the brief were Stuart M. Gerson, Asst. Atty. Gen., David M. Cohen, Director, and Thomas W. Petersen, Asst. Director. Also on the brief was George Kuehnle, of the U.S. Coast Guard, Washington, D.C.

Before MAYER, Circuit Judge, SKELTON, Senior Circuit Judge, and MICHEL, Circuit Judge.

MICHEL, Circuit Judge.

Placeway Construction Corp. (Placeway) appeals the United States Claims Court's order of September 11, 1989, dismissing its complaint for lack of jurisdiction because, inter alia, the court concluded that the contracting officer (CO) had not made a final decision as to a government claim against Placeway. *See Placeway Constr. Corp. v. United States*, 18 Cl.Ct. 159 (1989). We affirm the Claims Court's dismissal of Placeway's count seeking declaratory judgment because the Claims Court is without jurisdiction to grant such relief with regard to disputes over contracts that have already been awarded. We vacate the dismissal of the remaining counts and remand for further proceedings consistent with this opinion because the CO effectively rendered a final decision on all the claims presented, and the Claims Court has jurisdiction otherwise.

## BACKGROUND

In 1983 Placeway entered into a contract with the United States Coast Guard (government) to construct residential housing on Governors Island, New York. The construction was completed December 20, 1984, after the completion date specified by the contract. Appendix at 108, *Placeway Constr. Corp. v. United States*, No. 90–5017 (Fed.Cir. filed Feb. 23, 1990) [hereinafter App.]. Placeway asserts that it submitted a voucher to the CO on January 21, 1985, requesting payment of the remaining contract price balance, $297,226.12. *Id.* at 24. The balance was not paid. On May 28, 1986, Placeway submitted to the CO a written demand for payment of: (1) the contract price balance, (2) thirty-one specified adjustments for additional work, and (3) extended overhead expenses based on various delays allegedly caused by, or the responsibility of, the government. *Placeway*, 18 Cl.Ct. at 161. None of these claims were certified under the Contract Disputes Act, 41 U.S.C. § 605(c) (1988). On September 4, 1986, the CO denied Placeway's demands. The CO decided that the contract price balance due would not be "released" because Placeway had failed to complete the contract "in a timely manner," delaying the government in issuing start-work notices to two other contractors scheduled to do work on Governors Island who might later submit delay claims against the government. App. at 108–09. Placeway disputes any liability for these other contracts, asserting they are unrelated to its contract with the government.

On June 26, 1987, Placeway filed a complaint in the Claims Court containing six counts: Count I seeks a declaratory judgment that the government cannot withhold the contract price balance due Placeway. Count II seeks a money judgment in the amount of the contract price balance, $297,226.12, plus interest. Count III seeks an equitable adjustment of $50,000.00, plus interest, alleging underpayment of wages due to defective specifications. Count IV seeks an equitable adjustment of $27,366.00, for increased performance costs because of alleged differing site conditions. Count V seeks twenty-two adjustments, totaling $140,251.95, for additional costs incurred because of alleged change orders, constructive changes, and defective specifi-

cations. Count VI seeks extended overhead costs, totaling $119,585.91, plus interest, for several delays allegedly caused by, or the responsibility of, the government. *Placeway*, 18 Cl.Ct. at 162; App. at 21–30.

The government moved to dismiss for lack of certification, and the Claims Court dismissed all the counts for lack of jurisdiction. Placeway timely appealed; we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(3) (1988). We review the question of jurisdiction de novo. *See* 41 U.S.C. § 609(b) (1988).

## OPINION

### I. *Declaratory Judgment Claim*

▮▮▮ The United States Claims Court correctly noted that its predecessor court, the United States Court of Claims, did not have jurisdiction over claims seeking relief other than money damages. *See United States v. King*, 395 U.S. 1, 4–5, 89 S.Ct. 1501, 1502–03, 23 L.Ed.2d 52 (1969). However, when Congress created the Claims Court by enacting the Federal Courts Improvement Act of 1982, Congress conferred upon the Claims Court the power to grant equitable relief in limited circumstances. 28 U.S.C. § 1491(a)(3) (1988); *see United States v. John C. Grimberg Co.*, 702 F.2d 1362, 1365–74 (Fed.Cir.1983) (*in banc*). The Claims Court's equitable powers, including authority "to grant declaratory judgments," are limited to cases in which a "contract claim" is filed *"before* the contract is awarded." 28 U.S.C. § 1491(a)(3) (1988) (emphasis added).

In the instant case, Placeway filed its Complaint long after the contract with the government had been awarded. Accordingly, the Claims Court lacks jurisdiction over Placeway's claim for a declaratory judgment. Therefore, we affirm the Claims Court's dismissal of Count I.

### II. *Contract Price Claim*
#### *The Government Claim*

▮▮▮ The Claims Court determined that "the Government has asserted a right of

set off which is tantamount to seeking 'the adjustment ... of contract terms....' " [1] *Placeway*, 18 Cl.Ct. at 164 (quoting 48 C.F.R. § 33.201 (1988)). The Claims Court noted that this constituted a government claim. Because certification is not required for government claims, the Claims Court would have jurisdiction over an appeal from a decision of a CO, provided it is final. The Claims Court, however, concluded that because the CO had not yet ascertained the amount of the set off, no final decision was made by the CO, and thus the Claims Court had no jurisdiction to decide the dispute. *Id.* at 164–65. In particular, the Claims Court observed that the CO's letter contained neither the label "Final Decision" nor the notice of appeal rights that final decision letters normally contain. *Id.* at 165.

We agree that the set off asserted is a government claim, but we conclude that the CO effectively made a final decision on the government claim. It was undisputed that Placeway had completed performance of the contract. Moreover, the contract price for the work completed was undisputed and was due upon completion of work. Although the CO may have implied that the amount of the claimed set off would be redetermined in the future, the CO effectively granted the government's claim in the amount of $297,057.12 when he declined to pay Placeway the balance due on the contract. That the CO *might* decide Placeway owed more or less at a later time does not affect the finality of the decision made granting the government a sum certain, $297,057.12.

▮▮▮ Generally, exhaustion of administrative remedies should occur before a case is ripe for judicial review. Both issues of liability and of damages should usually be resolved before judicial review is sought. *See Teller Envtl. Sys., Inc. v. United States*, 802 F.2d 1385, 1388–89 (Fed.Cir.

---

1. We believe that the government claim is better characterized as a claim seeking incidental and consequential damages for Placeway's alleged breach of the contract, in particular, failure to complete performance on the date set in the contract. The government does not appear to be trying to adjust any terms of the contract.

1986). In the instant case, the CO decided that the contract price balance could not be "released" because of Placeway's "failure to complete the subject project in a timely manner" which in turn allegedly caused delays in the government's issuance of notices to proceed on other contractors' projects, potentially incurring liability on the government's part. App. at 108. The CO's decision, however, did determine both liability and damages. He concluded that Placeway was liable because of delayed performance and effectively ruled that damages would be the contract balance, $297,226.12, subject to revision if he concluded that different damages were due at some indeterminate time in the future.[2] Accordingly, we conclude that the CO made a final decision on the government claim alleging damages because of Placeway's delay in contract performance. The decision is no less final because it failed to include boilerplate language usually present for the protection of the contractor. Moreover, the CO's decision was adverse to Placeway and thus it could properly appeal to the Claims Court. As a final decision on a government claim, the Claims Court has jurisdiction, even though the claim was not certified. Accordingly, we vacate the Claims Court's dismissal of Count II and remand for further proceedings.

III. *Adjustment Claims*

■ There is a potential for contractors to subvert the certification requirement by artificially fragmenting a single claim into separate "claims," each seeking no more than $50,000.00;[3] any greater amount triggers the requirement for certification. Nonetheless, the CDA recognizes that a single government contract may give rise to more than one claim, and that a contractor may pursue his rights by filing "two or more suits" in either one or more fora. 41 U.S.C. § 609 (1988); *see, e.g., Warwick*

*Constr., Inc. v. United States*, 225 Ct.Cl. 567, 568–69 (1980). Because, when applicable, certification is a prerequisite to Claims Court jurisdiction over government contract disputes, the issue whether certification was required must always be considered. To determine whether two or more separate claims, or only a fragmented single claim, exists, the court must assess whether or not the claims are based on a common or related set of operative facts. If the court will have to review the same or related evidence to make its decision, then only one claim exists. If that claim seeks more than $50,000.00, then certification is required before there can be jurisdiction in the Claims Court. 41 U.S.C. § 605(c) (1988). On the other hand, if the claims as presented to the CO will necessitate a focus on a different or unrelated set of operative facts as to each claim, then separate claims exist that avoid the certification requirement, provided none of them exceeds $50,-000.00.

A. *Adjustments for Additional Work*

■ The Claims Court determined that Placeway had originally presented its request for compensation for additional work to the CO as a lump sum request, and concluded that Placeway improperly fragmented the single claim into "individual items" when it filed its Complaint with the Claims Court. Because the Claims Court decided it had only a single uncertified claim that exceeded $50,000.00 requiring certification, the court dismissed that claim for lack of jurisdiction. *Placeway*, 18 Cl.Ct. at 166.

The Claims Court relied upon *Contract Cleaning Maintenance, Inc. v. United States*, 811 F.2d 586, 591–92 (Fed.Cir.1987), which it viewed as holding that "it is the claim presented to the contracting officer that is determinative of certification requirements, not the format or fragmenta-

---

**2.** Even if the CO's letter is construed as merely a statement that he is investigating the government's claim to decide liability, we find no authority for him effectively to award fixed damages prematurely and speculatively, *i.e.*, prior to liability being established and a quantum being ascertained. Moreover, implicit to a CO deci-

sion to award specified damages is a decision imposing liability, whether or not liability is explicitly discussed.

**3.** *See, e.g., Walsky Constr. Co. v. United States*, 3 Cl.Ct. 615, 618 (1983); *Warchol Constr. Co. v. United States*, 2 Cl.Ct. 384, 388 (1983).

tion set forth in the complaint to the [Claims Court]." *Placeway*, 18 Cl.Ct. at 166. This interpretation of *Contract Cleaning* is perfectly sound but the manner in which it was applied to the instant case was erroneous. Our court did emphasize that in determining whether certification is required, the Claims Court must examine the claims *at the time* they are submitted to the CO. We neither stated nor implied, however, that it is the *form* of the submission of claims that determines whether the claim is unitary. *See Contract Cleaning*, 811 F.2d at 591 (" '[T]he certification requirement applies to submission of claims to the *contracting officer; certification at that time*, if required, is all-important.' " (quoting *Tecom, Inc. v. United States*, 732 F.2d 935, 937 (Fed.Cir. 1984) (emphasis added-in-part))). In fact, this court de-emphasized the importance of the form in which claims are submitted, stating, "We know of no requirement in the Disputes Act that a 'claim' must be submitted in any particular form or use any particular wording." *Id.* at 592.

Because the Claims Court focused on the form in which Placeway's claims were originally submitted to the CO, we must conclude that the court erred. It is not established that only one claim exists merely because Placeway's letter to the CO listed all of the adjustments with a totaled sum requested at the bottom of the page. The court should have determined whether one or more claims existed, regardless of the form in which they were presented to the CO; the court should have decided this question based on whether all claims presented to the CO arose from a common or related set of operative facts.

We cannot conclude that the Claims Court's analysis was harmless error. Far from having no legal consequence, the analysis was dispositive of the lawsuit. Placeway demanded payment from the CO based on various grounds: (1) Placeway alleged that the wage schedules in the contract were defective and as a consequence Placeway has been unlawfully deprived of

$50,000.00 in contract payments; (2) Placeway sought a $27,366.00 adjustment for a differing site condition; and (3) Placeway sought various adjustments, totaling $140,-251.95, for additional costs incurred because of change orders, constructive changes, and defective specifications. *See* App. at 24–28. We cannot discern from the record any common or related operative facts that would require considering any of these three claims as merely parts of a unitary claim. Nor is it apparent from the record why any of the various adjustments demanded based on change orders and defective specifications, each not more than $50,000.00, should be aggregated as a single claim. For example, there is nothing in the record to show, nor does the government argue, how a $36,566.00 adjustment requested for additional washing-machine piping that had to be installed because of defective specifications and a $20,657.28 adjustment requested for a constructive change order for additional partitions at the second floor stairwells are based on a common or related set of operative facts.

Because the Claims Court did not base its analysis on whether the claims presented to the CO arose from a common or related set of operative facts, and the government has not cited support in the record that only a unitary claim exists, we remand for the Claims Court to conduct fact finding consistent with this opinion. Accordingly, we vacate the Claims Court's dismissal of Counts III, IV, and V for lack of certification and remand for further proceedings.[4]

### B. *Adjustments for Extended Overhead*

■ The Claims Court also concluded that Placeway's Count VI, which seeks various adjustments for extended overhead, is a unitary claim requiring certification because the total adjustment sought is $119,-585.91, a sum exceeding $50,000.00. The Claims Court concluded that there was only a single claim because it considered "delays in performance of the contract" to be "a

---

**4.** For the reasons set forth *supra,* in section II, we also reject the Claims Court's alternative basis for dismissal of these counts: that the CO has not made a final decision.

common factual threat contributing to the creation of [Placeway's] claim." *Placeway,* 18 Cl.Ct. at 168. We disagree. Although there is a common *type* of fact involved in Placeway's various extended overhead claims, *i.e.,* a cause of delay, that does not necessarily mean that each claim involves proof of a common or related set of operative facts. We conclude that the Claims Court erred in relying on this "factual thread" as being dispositive of its determination that there is only a unitary extended overhead claim.[5] Accordingly, we vacate the Claims Court's dismissal of Count VI for lack of certification and final decision, and remand for the Claims Court to conduct fact finding consistent with this opinion.

## CONCLUSION

The dismissal order is affirmed as to Count I but vacated as to the remaining five counts. The Complaint, accordingly, is to be reinstated and further proceeding held thereon. The case is remanded.

## COSTS

Because it has offered no persuasive authority that the CO's action withholding payment of the contract price balance did not constitute a final decision or that certification was required, the government shall bear costs.

AFFIRMED–IN–PART, VACATED–IN–PART, AND REMANDED.

## ORDER ON GRANT OF REHEARING IN PART

On September 26, 1990, the United States filed a Petition for Rehearing concerning the judgment and opinion of the court dated August 7, 1990. At the request of the court, Placeway Construction Corporation filed a response, on October 23, 1990.

Upon review of the pleadings, rehearing is granted in part. Among other contentions, the government argued that the thrust of Section II.B. of the opinion, 910 F.2d 835, 839–40 * (Fed.Cir.1990), construing the term "claim" as it appears in 41 U.S.C. § 605(c) differently from and more narrowly than the same term as it appears in § 605(a), was incorrect. Rehearing is granted as to this issue only.

Because this section of the opinion merely provided an alternate ground to that set forth in earlier paragraphs of II., the court, acting through the original panel, has chosen to delete Section II.B. in its entirety as unnecessary.

Therefore,

IT IS ORDERED THAT:

1. The United States' Petition is granted in part.

2. Section II.B. of the opinion, 910 F.2d at 839–40, shall be deleted.

3. Certain conforming changes in other parts of the opinion shall be made as follows:

(a) In heading II., 910 F.2d at 838, delete "Balance/Set-off" and also the "s" in "Claims";

(b) Delete the subheading "A. *The Government Claim," Id.;* and

(c) In lines 14 and 15 (col. 1), 910 F.2d at 839, delete "ruling of lack of jurisdiction over the government claim" and insert— dismissal of Count II—.

---

5. We note that Placeway has not aided the Claims Court by how it structured its complaint. By lumping its various delay-based type claims into one count without delineating at least briefly how each claim arose and what relief is sought as to each separate claim, it gave the Claims Court grounds to question whether the claims were separate and thus whether jurisdiction existed. Although we recognize that the United States Claims Court Rules permit notice pleading, plaintiffs would be well advised to include sufficient precision in their pleading to enable the court to ascertain its jurisdiction. *See* RUSCC 8.

* The opinion published at 910 F.2d 835 was withdrawn from bound volume publication and is republished as corrected herewith.