945 F.2d 416
 NOTICE: Federal Circuit Local Rule 47.8(b) states that opinions and orders which are designated as not citable as precedent shall not be employed or cited as precedent. This does not preclude assertion of issues of claim preclusion, issue preclusion, judicial estoppel, law of the case or the like based on a decision of the Court rendered in a nonprecedential opinion or order.
Bernard STEPPE, Jr., Plaintiff-Appellant,
v.
The UNITED STATES, Defendant-Appellee.
 No. 91-5072.
 United States Court of Appeals, Federal Circuit.
 Sept. 10, 1991.
 
 Before LOURIE, Circuit Judge, SKELTON, Senior Circuit Judge, and RADER, Circuit Judge.
 LOURIE, Circuit Judge.
 
 DECISION
 
 1
 This is an appeal from the March 19, 1991, order of the United States Claims Court, No. 90-753 C, dismissing appellant's complaint for lack of standing. We affirm.
 
 OPINION
 
 2
 In 1986, appellant's mother, Helen Steppe, entered into a contract with the government to operate a community post office for the United States Postal Service. Because of disagreement between Ms. Steppe and the government as to the requirements of the contract, the government terminated the contract for convenience. Appellant's mother disputed the validity of the termination and filed an appeal with the Postal Service Board of Contract Appeals. The Board found that the government had given appellant's mother the required notice to terminate the contract and it upheld the government's decision.
 
 
 3
 Appellant, who was not a party to the above-mentioned contract, then filed an "appeal" in this court on his own behalf within the time during which his mother was entitled to do so; he later withdrew that appeal. He then filed an "appeal" with the Board and that appeal was subsequently dismissed on the basis that the matter had already been fully litigated. Appellant then filed still another appeal with this court and then withdrew that.
 
 
 4
 Appellant finally filed suit in the Claims Court, claiming that the contract termination was defective and that he was entitled to damages from the government from the time of the allegedly defective termination. The government moved to dismiss the case on the ground that appellant lacked a right to sue.
 
 
 5
 The Claims Court concluded that appellant failed to meet the requirements of the Anti-Assignment Act, 31 U.S.C. § 3727 (1988), which provides that:
 
 
 6
 (b) An assignment may be made only after a claim is allowed, the amount of the claim is decided, and a warrant for payment of the claim has been issued....
 
 
 7
 The court held that these requirements were not met and appellant therefore lacked standing to sue the government; it granted the government's motion to dismiss. This appeal followed.
 
 
 8
 A question of standing to sue is a legal one which we review de novo. See Placeway Constr. Corp. v. United States, 920 F.2d 903, 906 (Fed.Cir.1990). Appellant argues that under the assignment clause of the contract, a valid assignment of the contract was made. The Claims Court found otherwise, stating that the conditions of the clause were not "applicable," presumably meaning that they had not been met. We agree.
 
 Clause 7 of the contract states that:
 
 9
 [The Contractor] cannot transfer (assign to another party) this contract, any interest in it or any claims for money based on it....
 
 Exceptions:
 
 10
 a. USPS [i.e., United States Postal Service] may recognize a transfer as valid if all of [the contractor's] assets, or those involved in fulfilling this contract, are transferred.
 
 
 11
 Clearly, appellant has not demonstrated that all of his mother's assets involved in fulfilling the contract were transferred to him. Moreover, 41 U.S.C. § 15 (1988) states that:
 
 
 12
 No contract or order, or any interest therein, shall be transferred by the party to whom such contract or order is given to any other party, and any such transfer shall cause the annulment of the contract or order transferred, so far as the United States are concerned.
 
 
 13
 The statute contains exceptions to this general rule, but they are not relevant here. Thus, under 41 U.S.C. § 15, assignment of this contract was not legally possible.
 
 
 14
 Appellant also argues that regardless whether the contract was transferred to him or not, a claim against the government was transferred and that he has a right to sue the government on the claim. The Claims Court concluded that appellant did not satisfy the requirements of section 3727. We agree.
 
 
 15
 As provided in section 3727, in order for an assignment of a claim against the government to be valid, the claim must have been allowed and the amount of the claim must have been decided. On appeal, appellant does not argue that either of these conditions has been met. Thus, we conclude that the Claims Court did not err in determining that no valid assignment of any claim under the contract was made to appellant and that he therefore lacked standing.
 
 
 16
 Finally, appellant asserts fraud in the termination of his mother's contract. Since we have concluded that the Claims Court did not err in dismissing appellant's claim for lack of standing, he cannot raise this issue.
 
 
 17
 The government argues that this appeal is frivolous and that we should therefore assess double costs against appellant. While appellant has filed three separate appeals to this court on the same contract claim, which claim appellant clearly lacks standing to raise, we decline to assess double costs in view of appellant's pro se status.