NEWMAN, Circuit Judge,
dissenting.
The court holds that the contractor M. Maropakis Carpentry, Inc. is barred, in its appeal to the Court of Federal Claims of the contracting officer’s grant of the government’s claim for delay damages, from defending against that claim by showing that the government caused and contributed to the delay. Thus my colleagues grant summary judgment to the government on its claim for $303,550 in delay damages, on the theory that the court “lack[s] subject matter jurisdiction” to consider the defense that Maropakis had raised with the Contracting Officer. I do not share the view that there is no “jurisdiction” to consider the defense to the government’s claim, whereby the claim was summarily granted without permitting inquiry as to its merits and defenses.
During performance of the contract, Maropakis had requested various extensions of time, in light of various performance delays. The government does not deny that it had a role in delay.[1] My colleagues’ ruling that the court does not have “subject matter jurisdiction” of the contractor’s defense that the government contributed to the delay, is based on the theory that Maropakis “had not submitted a ‘claim’ for contract modification as required under the CDA.” Maj. Op. at 1326. My colleagues hold that the courts are deprived of jurisdiction because no separate claim to modify the contract was made. However, Maropakis is not seeking contract reformation. Nor is Maropakis seeking damages or additional compensation. Maropakis is simply raising an objection to the merits of the government’s claim for delay damages, defending on the ground that the government had contributed to the delay.
The question is not whether Maropakis could have or should have submitted a claim for some sort of contract modification; the question is whether Maropakis is permitted to defend against the government’s claim for delay damages. The majority cites the FAR’s inclusion of “the adjustment ... of contract terms” in the definition of “claim.” However, this definition does not mean that the FAR requires that the government contract be presented for modification before a contractor can defend against a government claim arising from contract performance. Indeed, the contracting officer did not require Maropakis to file a request for contract modifi *1333 cation in order for the contracting officer to consider Maropakis’ various requests for extensions of performance time. These requests were simply denied for various reasons relating to substance, not procedure.
When a claim is within a tribunal’s jurisdiction, like the government’s claim for delay damages, the tribunal routinely has jurisdiction to consider defenses to the claim. This rule is not negated by any provision of the Contract Disputes Act. Yet my colleagues sustain the government’s CDA claim and its sizable monetary award, permitting no defense and imposing obstacles that have been negated by statute and precedent. For example, my colleagues hold that Maropakis was required to “certify” its defense, as if it were a monetary claim. Precedent is contrary. My colleagues hold that Maropakis was required to state a “sum certain” that it is claiming; however, Maropakis is not claiming a sum; it is objecting to the damages claimed by the government, raising the defense that the government contributed to the delay. And my colleagues hold that Maropakis was required to somehow seek and obtain “contract modification” before it could raise this defense; this curious theory is devoid of support.
In Garrett v. General Electric Co., 987 F.2d 747 (Fed.Cir.1993), the court considered whether the government’s directive to the contractor to do certain remedial work at the contractor’s expense was a government “claim”; this court held that it was, and that the contractor could appeal and raise its objections without filing a separate “claim” of its own. Jurisdiction was based on the government’s claim, not the contractor’s objection to that claim. This court was explicit in holding that the contractor did not have to submit its own claim:
GE submitted no claims to the CO on the engine defects at the time of the decision. The Act, however, provides that a contractor may appeal a Government claim to the appropriate board without submitting a claim of its own to the CO. Thus, only jurisdiction over the Navy’s claims under the contract are at issue in this appeal.
Id. at 749 (citation omitted). This holding is contravened by the court’s decision today, for although jurisdiction of the government’s claim for delay damages is undisputed, the court now requires a separate jurisdictional basis for the contractor’s objection to the government’s claim.
Placeway Construction Corp. v. United States, 920 F.2d 903 (Fed.Cir.1990) arose on facts analogous to those of Maropakis. In Placeway, the appeal was from the contracting officer’s decision not to release the contract balance, the government asserting delay damages. Like Maropakis, the contractor raised the defense that the government had caused some of the delay. See Placeway Constr. Corp. v. United States, 18 Cl.Ct. 159, 162 (1989), aff'd in part, vacated in part, and remanded, 920 F.2d 903 (Fed.Cir.1990). This court agreed with the Claims Court that the government’s withholding of the contract balance as a setoff against its claim for delay damages was a government claim. Placeway, 920 F.2d at 906. Because the contracting officer’s decision on the government claim was final, jurisdiction was proper, despite the absence of a contractor claim complying with CDA procedures including certification. That is, the contractor’s complaint seeking recovery of the contract balance was not a contractor claim, and did not require certification. This court’s ruling today conflicts with its holding in Placeway.[2]
*1334 Other decisions have explored various aspects of the difference between a claim and a defense, as particular facts and circumstances have tested the boundary. In Sun Eagle Corp. v. United States, 23 Cl. Ct. 465 (1991), the Claims Court explained that while certification is required of a contractor’s claim for payment under the contract, for it constitutes a “contractor claim,” a defense to a government claim need not be certified. The Sun Eagle court summarized:
Placeway held that a contractor’s challenge to a government claim need not be certified. This court holds that plaintiff is challenging a government claim to liquidated damages and making its own contractor claim to recover amounts withheld for liquidated damages. The latter must be certified.
Id. at 477.
Precedent respects the distinction between a claim and a defense. My colleagues’ selective quotation from the opinion in Sun Eagle, Maj. Op. at 1331 n. 2, implements the holding in Sun Eagle that the contractor’s letter was indeed a “claim,” made “in a claim letter,” 23 Cl.Ct. at 480. The Sun Eagle court then held that since the contractor had made such a claim, it needed to be certified. The court explicitly did not hold that a contractor raising a defense to a government claim “must meet the jurisdictional requirements and procedural prerequisites of the CDA,” Maj. Op. at 1331. The routine defense that the government contributed to delay is a defense, not a contract modification. Failure to meet the CDA requirements for certification, naming a sum certain, requesting a final decision, or modifying the contract, does not preclude defending against the government’s claim.
Indeed, whether Maropakis’ several requests for time extensions met the CDA’s “claim” requirements is irrelevant — although these letters stated that the contractor would dispute any assessment of delay damages. The issue here is not whether Maropakis perfected a monetary claim of its own, but whether Maropakis is to be permitted to defend against the government’s claim. No rule or precedent holds that a contractor forfeits its right of defense if it does not file its own claim. And the court is misguided in its ruling that the government’s claim for damages cannot be defended against unless the contractor first undertakes the formal procedures of contract modification. In Ganxtt this court explained that the CDA “provides that a contractor may appeal a Government claim to the appropriate board without submitting a claim of its own to the CO.” 987 F.2d at 749. See also 41 U.S.C. § 609(a)(1) (“[I]n lieu of appealing ... to an agency board, a contractor may bring an action directly on the claim in the United States Court of Federal Claims, notwithstanding any contract provision, regulation, or rule of law to the contrary.”). No statute or rule withholds subject matter jurisdiction from such actions when the contractor challenges a government claim.
The government did not dispute that it owed Maropakis the unpaid balance of the contract, and the contracting officer’s recognition of that obligation is not appealed. The only issue is the summary grant of judgment to the government for the delay damages in the government’s claim, while denying, on “jurisdictional” grounds, Maropakis’ right of defense. The right to defend against an adverse claim is not a matter of “jurisdiction,” nor of grace; it is *1335 a matter of right. The denial of that right, argued by the government on a theory of “jurisdiction” that was supported by the Court of Federal Claims and is now supported by this court, is contrary to the purposes of the CDA, contrary to precedent, and an affront to the principles upon which these courts were founded.[3] I respectfully dissent.

. It was not disputed that the government ordered cessation of all work and did not authorize Maropakis to proceed to remove the lead paint until 107 days after discovery of the paint by Maropakis. It was not disputed that when Maropakis found that the windows specified by the government did not exist, the government refused to change the specifications, and by the time the windows were custom made and the lead paint removed, the entire performance time set in the contract had elapsed.

. The majority posits that Placeway dealt only with government claims, and not contractor defenses. Maj. Op. at 1330. That is precisely *1334 the point: in Placeway this court based jurisdiction on the government’s claim; a defense does not have a jurisdictional dimension.

. "It is as much the duty of Government to render prompt justice against itself, in favor of citizens, as it is to administer the same, between private individuals.” A. Lincoln, First Annual Message (Dec. 3, 1861), engraved at the entrance to this courthouse, 717 Madison Place NW, Washington, DC.