ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| John C. Grimberg Company, Inc. | )    ASBCA No. 60371 |
| | ) |
| Under Contract No. W912DR-11-C-0023 | ) |

APPEARANCES FOR THE APPELLANT:     Kathleen Olden Barnes, Esq.
Edward J. Parrott, Esq.
  Watt, Tieder, Hoffar & Fitzgerald, L.L.P.
McLean, VA

APPEARANCES FOR THE GOVERNMENT:     Thomas J. Warren, Esq.
  Acting Engineer Chief Trial Attorney
William J. Selinsky, Esq.
Martin Chu, Esq.
David B. Jerger, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Baltimore

### OPINION BY ADMINISTRATIVE JUDGE WOODROW ON APPELLANT'S MOTION FOR RECONSIDERATION AND LEAVE TO FILE AN AMENDED COMPLAINT

Before the Board is a motion for reconsideration of an order rejecting appellant's amended complaint due to the absence of an accompanying motion for leave to amend. Appellant requests that the Board accept its amended complaint "given the Board's liberal policy toward granting amendments and the lack of prejudice to the Government." The government objects to the amended complaint contending, *inter alia,* that the pleading asserts new theories of liability that were not included in the claim presented to the contracting officer for a final decision. For the reasons stated below, we grant appellant's motion.

### STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

1. This appeal arose under a contract to construct an advanced analytical chemistry wing for work with toxic agents at the Aberdeen Proving Ground in Maryland. On 15 October 2013 John C. Grimberg Company, Inc. (appellant) initially filed a non-monetary claim requesting a final decision to interpret disputed contract terms regarding certain valves it asserts were required by the contract but wrongfully rejected by the U.S. Army Corps of Engineers (government). After the contracting officer (CO) denied the claim, appellant converted its non-monetary claim on 12 December 2014 into a monetary claim in the amount of $727,244.00. One year

passed without a final decision on the subsequent claim and appellant filed an appeal with the Board, which was docketed as ASBCA No. 60371.

2. On 5 January 2018, less than three weeks before the scheduled hearing date, appellant filed in ASBCA No. 60371[1] (Phoenix Valves) a lone document styled "Amended Complaint," which added a new count (Count III), based on the government's alleged failure to disclose superior knowledge of the requirement for damper-style air valves in lieu of Phoenix Venturi-style valves. The amended complaint was not accompanied by a motion requesting the Board grant appellant leave to file the aforementioned pleading. We find that the absence of the motion was inadvertent.

3. On 9 January 2018, the government responded with a motion to adjourn the hearing date, or in the alternative, dismiss appellant's amended complaint. The government contended that it would be prejudiced, because it could not prepare a defense to the new claim in the time remaining before the hearing, then scheduled for 23 January 2018. By order dated 11 January 2018, in the absence of a motion for leave to amend, we rejected appellant's "amended complaint" and further denied the government's motion as moot.

4. On 12 January 2018, appellant filed the instant motion for reconsideration of the Board's 11 January 2018 order and for leave to file amended complaint. On 16 January 2018, the Board held a pre-hearing teleconference, at which we recommended that the government file a response to appellant's motion and address whether the Board possesses jurisdiction to entertain appellant's amended complaint.

5. On 18 January 2018, in light of the imminent threat of a government shutdown due to Congress' failure to enact appropriations legislation, we moved the hearing date from 23 January 2018 to 30 January 2018.

6. On 24 January 2018, the government filed its opposition to appellant's motion for leave to amend the complaint, and, on 25 January 2018, appellant filed a reply brief in support of its motion.

7. Finally, on 26 January 2018, appellant filed an unopposed motion for continuance of the hearing, citing a variety of grounds, including: (1) additional time to permit the Board to rule on appellant's pending motion to amend its complaint; (2) recent revisions to the expert report of one of appellant's experts and respondent's desire to conduct a follow-up deposition; and (3) the concern that government funding would again run out during the scheduled hearing, for lack of a new Congressional Continuing Resolution. That same day we granted appellant's motion and rescheduled the hearing for 17 April 2018.

---

[1] While ASBCA No. 60371 is consolidated for all purposes with ASBCA Nos. 60372, 60544 and 60545, this motion pertains only to ASBCA No. 60371.

## DISCUSSION

Appellant's motion to amend its complaint raises two principal issues. First, we must determine whether the Board possesses jurisdiction to entertain Count III as set forth in the amended complaint. Second, assuming we possess jurisdiction, we must determine whether the amendment is made "under conditions fair to both parties," as required by Board Rule 6.[2]

For the reasons set forth below, we conclude that we possess jurisdiction to entertain the amended complaint, and because the prejudice cited by the government is curable, we grant appellant's motion for leave to file its amended complaint.

*I. Jurisdiction*

### *A. The Parties' Arguments*

The Board's jurisdiction is derived from the Contract Disputes Act. Accordingly, the scope of our jurisdiction is determined by the claims before us on appeal. *Pyrotechnic Specialties, Inc.*, ASBCA Nos. 57890, 58335, 17-1 BCA ¶ 36,696 at 178,699 (citing *American General Trading & Contracting, WLL*, ASBCA No. 56758, 12-1 BCA ¶ 34,905 at 171,639). "The Board lacks jurisdiction over claims raised for the first time on appeal." *U.S. Coating Specialties & Supplies, LLC*, ASBCA No. 58245, 15-1 BCA ¶ 35,957 at 175,706 (citing *Optimum Services, Inc.*, ASBCA No. 57575, 13 BCA ¶ 35,412 at 173,726). However, the "'assertion of a new legal theory of recovery, when based upon the same operative facts as the original claim, does not constitute a new claim." *Dawkins General Contractors & Supply, Inc.*, ASBCA No. 48535, 03-2 BCA ¶ 32,305 at 159,844 (citing *Trepte Construction Co.*, ASBCA No. 38555, 90-1 BCA ¶ 22,595 at 113,385-86).

In supporting its amended complaint, appellant contends that its superior knowledge claim is based upon the same operative facts and seeks the same relief as its existing claims before the CO. In particular, appellant argues that its claim of superior knowledge relies on the "same precipitating event" as its claims before the CO – that the government always knew that the end user did not want Venturi-type valves and imposed "extra-contractual requirements" when it finally rejected them.

---

[2] The government would have us apply the stringent standard of review applicable to motions for reconsideration, on the grounds that appellant's 12 January 2018 motion was styled as a motion for reconsideration and for leave to file amended complaint. We decline to apply this standard, on the grounds that appellant's failure to file a motion for leave to amend its complaint with its initial filing was inadvertent (SOF ¶ 2).

3

In response, the government contends that allowing appellant to amend its complaint on the eve of trial would be unfair (gov't br. at 6). Moreover, such an amendment would be futile, because appellant cannot satisfy the merits of its superior knowledge claim. Specifically, the government argues that the end user's preferences were neither the basis of design, nor part of the contract, and appellant's only obligation was to comply with the terms of the written contract.

*B. Decision*

Our jurisdictional analysis rests on a comparison of the operative facts of the claims before the CO and Count III in the amended complaint.

In appellant's 15 October 2013 non-monetary claim before the CO (2013 claim), appellant set forth facts relating to the CO's decision to reject the Phoenix Venturi-type air valves. Specifically, appellant contended that the CO's decision to reject the valves was improper, because: (1) the valves met the contract's requirements; (2) the valves were part of the basis of design; (3) the valves were part of appellant's pre-bid proposal; (4) the design engineer approved the valves for use on the project; and (5) the valves met the end-user's product and functionality requirements. Appellant's 12 December 2014 monetary claim (2014 claim) was based on the same operative facts, but added an allegation that the government induced appellant to believe that the Venturi-type valves satisfied the contract specifications. Appellant's 2014 claim set forth two theories of recovery: a material breach based on the arbitrary and capricious rejection of the Phoenix valves, and a violation of the duty of good faith and fair dealing based on the government's rejection of Venturi-type valves that allegedly met the contract's requirements.

The superior knowledge claim set forth in appellant's proposed amended complaint relies on the same operative facts as its 2013 and 2014 claims. The two claims and the amended complaint each center on the government's rejection of the Phoenix valves and the facts surrounding that rejection. The claims and the amended complaint allege that the basis of design for the contract was Venturi-type valves and also allege that the government was aware of appellant's intent to use the Venturi-type valves as set forth in its technical proposal. In addition, the allegation in the 2014 claim – that the government induced appellant to believe that the Phoenix valves satisfied the contract specification – is very similar to allegations in the amended complaint that the government misled appellant about the valves (am. compl. ¶¶ 47-49).

The theories of recovery set forth in appellant's claims – bad faith and breach of contract – would require us to review the same evidence as the superior knowledge theory set forth in its amended complaint. Specifically, we must examine the facts surrounding the CO's rejection of the Phoenix valves, including the government's knowledge of the end user's preferences concerning the air valves, the government's review of appellant's technical proposal, and the facts surrounding appellant's various submittals during the construction phase (*compare* 2013 claim, app'x A, ¶¶ 12-25, *with* am. compl. ¶¶ 14-22).

4

*See Lael Al Sahab & Co.*, ASBCA Nos. 58344, 59009, 15-1 BCA ¶ 35,809 at 175,130 (quoting *Placeway Construction Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) (holding that if the Board "will have to review the same or related evidence to make its decision, then only one claim exists").

Therefore, we conclude that we possess jurisdiction to entertain appellant's amended complaint.

## II. Fairness

The second consideration we must address is whether appellant's proposed amendment is made "under conditions fair to both parties," as required by Board Rule 6.

### A. The Parties' Arguments

Appellant asserts that the government will not be prejudiced by appellant's assertion of its new superior knowledge claim, because appellant's breach of contract and bad faith claims before the CO were "similar in nature to its superior knowledge theory of recovery" (app. br. at 10). According to appellant, its allegation that the government acted in bad faith by rejecting the Phoenix valves put the government on notice that appellant would be investigating whether the government possessed superior knowledge of the user's rejection of the Phoenix valves. Superior knowledge, according to appellant, is really a "subset" of a bad faith claim. (App. reply br. at 7)

Appellant also asserts that there is no prejudice, because the facts supporting the superior knowledge claim have been the subject of extensive discovery, including written interrogatories and deposition questioning. Appellant also contends that government counsel was aware during discovery of appellant's superior knowledge allegations. (App. br. at 10)

In response, the government contends that appellant could have included its superior knowledge allegations in its original claim, but did not. The government notes that the written minutes of a 21 April 2010 design meeting, allegedly a basis for appellant's superior knowledge allegations, were attached to the CO's final decision and were available to appellant at the time it submitted its claim to the CO. The government further contends that appellant's attempt to amend its complaint on the eve of the hearing is prejudicial, particularly because appellant has subpoenaed a new witness after the close of discovery to elicit testimony at the hearing, apparently in support of the superior knowledge claim. (Gov't br. at 6)

Appellant responds that the two witnesses who are likely to testify about the superior knowledge claim are government employees who were made available for deposition and whose documents the government produced. With respect to one witness, Krishnan Ramesh, the mechanical designer for AEI, the design firm employed

5

by the government, appellant asserts that it disclosed him on its witness list and that, during discovery, the government invited appellant to directly contact him. (App. reply br. at 9)

*B. Decision*

Under normal circumstances, appellant's decision to amend its complaint on the eve of the hearing would raise a strong likelihood of prejudice, particularly when – as here – appellant intends to rely on testimony from a witness that was not deposed during the discovery period to support the claim in its amended complaint (gov't resp. at 9). Also troubling is that appellant offers no explanation for why it did not include the superior knowledge claim in its claims submitted to the CO. Appellant states that "several facts supporting its superior knowledge claim...only recently were made available to Appellant in deposition discovery." (App. mot. at 9) Appellant walks a fine line here, because if it relies on new facts to justify its late filing, it is hard-pressed to argue that the new claim is based on the same operative facts that were known to it when it filed its original claims.

In this situation, however, because we have rescheduled the hearing, there is an opportunity to cure the prejudice (SOF ¶ 7). For example, if the government is concerned about the testimony of witnesses who were not previously deposed, the government could use the additional time to take their depositions.

## CONCLUSION

Therefore, because we possess jurisdiction to entertain the amended complaint, and because the prejudice cited by the government is curable, we grant appellant's motion for leave to file its amended complaint.

Dated: 15 February 2018

KENNETH D. WOODROW
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

6

I concur                                    I concur

RICHARD SHACKLEFORD                         OWEN C. WILSON
Administrative Judge                        Administrative Judge
Chairman                                    Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 60371, Appeal of John C. Grimberg Company, Inc., rendered in conformance with the Board's Charter.

Dated:


JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

7