ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| CiyaSoft Corporation | ) ASBCA No. 59913 |
| | ) |
| Under Contract No. W91B4L-10-P-1475 | ) |

APPEARANCE FOR THE APPELLANT:    Ms. Laila H. Rashed
    Corporate Officer and Director of Sales

APPEARANCES FOR THE GOVERNMENT:    Raymond M Saunders, Esq.
    Army Chief Trial Attorney
    Evan C. Williams, Esq.
    MAJ Bruce H. Robinson, JA
    Trial Attorneys

### OPINION BY ADMINISTRATIVE JUDGE MCNULTY ON THE GOVERNMENT'S MOTION FOR RECONSIDERATION

The government has timely moved for reconsideration of our decision, *CiyaSoft Corporation*, ASBCA Nos. 59519, 59913, 18-1 BCA ¶ 37,084. Familiarity with the opinion is presumed. The government argues the opinion includes both factual and legal errors stemming from the factual errors. While we agree the decision includes one factual error, we view the error as immaterial in the circumstances. Accordingly, we deny the motion.

### DECISION

The standards for reconsideration are well established. Reconsideration is not for rearguing issues previously raised and decided. The movant must provide a compelling reason for modifying or overturning the decision being reconsidered. We look for newly presented evidence, mistakes in findings of fact, or errors of law. *American International Contractors, Inc.*, ASBCA Nos. 60948, 61166, 18-1 BCA ¶ 37,194 at 181,070 (citing *Precision Standard, Inc.*, ASBCA No. 58135, 16-1 BCA ¶ 36,504 at 177,860).

Here the government argues finding 39 of the decision erroneously concludes appellant's complaint filed October 23, 2014, included a signed certification. The government states in part: "Perhaps, the confusion arose from the contracting officer's final decision (COFD), dated 30 March 2015. In the COFD, the contracting officer erroneously purported to make a final decision on CiyaSoft's 'claim dated 23 October 2014.'" (Gov't mot. at 2) The government is correct that the complaint included no certification. The government is also correct that the confusion arose from the contracting officer's second final decision, dated March 30, 2015, which refers to the complaint as appellant's claim. This error however, is immaterial to our decision and we therefore

decline to either modify or overturn it except as set forth below. *See C-Ran Corporation*, ASBCA No. 37643, 91-2 BCA ¶ 23,752 at 118,935, *aff'g on recon.* 90-3 BCA ¶ 23,201; *Dr. David T. Snow*, ASBCA No. 30652, 87-1 BCA ¶ 19,455 at 98,296-97, *aff'g on recon.* 86-2 BCA ¶ 18,844; *Maitland Brothers Company*, ASBCA No. 24032, 85-2 BCA ¶ 18,041 at 90,545-46, *aff'g on recon.* 84-2 BCA ¶ 17,463, for examples of other decisions we have confirmed on reconsideration despite including immaterial errors of fact.

The record reflects that appellant initially filed its claim in April 2014. The claim as filed included certification language mandated by the Contract Disputes Act, 41 U.S.C. §§ 7101-7109 (CDA). The certification was not signed. (R4, tab 15 at 2) We have frequently held that an unsigned certification is a defective certification that cannot be corrected, which renders a claim invalid. *See, e.g., NileCo General Contracting LLC*, ASBCA No. 60912, 17-1 BCA ¶ 36,862 at 179,607. The contracting officer nonetheless issued a final decision, basing the denial of the claim in part on the lack of a signed certification (R4, tab 16 at 2). Appellant filed a notice of appeal, which included a signed certification (R4, tab 17 at 2). Shortly after appellant filed its complaint, the government, in lieu of an answer, filed a motion to dismiss, asserting the Board lacked jurisdiction to consider the appeal because a certified claim had never been submitted to the contracting officer (gov't mot., November 3, 2014). The Board thereafter advised the parties that decision on the motion would not be an efficient use of the Board's resources and requested that the contracting officer issue a new final decision on "the claim as certified on 26 August 2014[1], and appellant may subsequently file an appeal from that decision." The Board indicated that when the contracting officer issued the new final decision, appellant could file a "protective" appeal, which would be assigned a separate appeal number by the Board and consolidated with the existing appeal. (Bd. corr. ltr. dtd. February 4, 2015) Pursuant to our request to do so, the contracting officer issued a second final decision dated March 30, 2015 (R4, tab 19). This decision appears to be a verbatim copy of the initial final decision except that it refers to the claim as being dated October 23, 2014, and deletes the discussion of appellant's copyright infringement assertions and the statement regarding the unsigned certification.[2] The record includes no explanation for the contracting officer's reference in the second final decision to the claim being dated October 23, 2014. The government argues that because of our error we have no jurisdiction to consider appellant's appeals, as there is no certification for this second claim, i.e., the complaint, which includes operative facts different from those initially asserted.

We find the government's argument to be without merit because we view the complaint as merely providing additional factual detail based on the same operative facts asserted originally in appellant's claim, which we have jurisdiction over by reason of the

---

[1] The date of appellant's notice of appeal, which included the signed certification.

[2] Appellant's claim included assertions that its copyright was infringed. However, this issue was conceded and stricken from the complaint after the government filed a partial motion to dismiss. (Order dtd. September 14, 2015)

signed certification provided by appellant and the contracting officer's second final decision.

The government argues that as originally submitted, appellant's claim did not give the contracting officer adequate notice of the basis for its claims and that without reliance on new additional operative facts set forth in the complaint our decision was erroneous because we lacked jurisdiction to consider these new facts. The government correctly asserts the claim asserts two causes of action: (1) the contract was breached by permitting multiple unauthorized copies of appellant's software to be created; and (2) the contract was breached by the government's failure to protect the software. (Gov't mot. at 4-5) At pages 6 and 7 of its motion the government argues that appellant's complaint sets forth an entirely different set of facts from the claim. Specifically, the government argues the claim is devoid of any discussion of Army employees installing appellant's software on more than one Army computer and fails to mention the two copies registered using SPC Sahar's email address. We view these facts as simply being more detailed assertions of the factual statements made in the claim as follow: (1) "The Software was licensed pursuant to a clear mutual understanding that it was for use on one computer system only"; (2) "In fact, the change in installation process made on behalf of the Army made it possible for the Army or contractors operating for the Army to copy and install unauthorized copies of the Software without the Company's knowledge"; and (3) "CiyaSoft Corporation (the 'Contractor') now formally claims that the Army breached the terms of the License Agreement covering each CD copy of the software supplied pursuant to the Contract in that the Army caused multiple unauthorized copies of the Software to be made by its own actions or by handing copies to translation contractors such as Mission Essential Personnel ('MEP') which contractor(s), in turn, made unauthorized copies of the Software with actual or imputed knowledge of the Army." (R4, tab 15 at 1)

The government similarly, argues that the details provided in the complaint relating to the government's failure to provide appellant with a list of activations or registered users is a new claim (gov't mot. at 7-8). We again disagree and view the complaint as merely setting forth more detail with respect to the following assertions set forth in the claim: (1) "The Contract provided a special exception for the Army regarding registering each copy of the Software online via the company's secure registration system"; (2) "The Army never complied with required Software registration procedures heretofore agreed between the Company and the Army"; and (3) "Our Company made various attempts to learn how many copies of the Software were actually installed and upon which computer system. Neither the Army nor any contractor working under the aegis of the Army ever disclosed the copying or installation data we sought." (R4, tab 15 at 1)

If operative facts presented in the pleadings are essentially the same as those in the claim, we have held they are within the scope of the appeal. *Stencel Aero Engineering Corporation*, ASBCA No. 28654, 84-1 BCA ¶ 16,951. In *Stencel*, we

noted that the *de novo* nature of the proceedings before us means that we are not limited to consideration of only the evidence and legal theories presented to the contracting officer. We stated: "the proper scope of an appeal processed under the CDA is circumscribed by the parameters of the claim." *Id.* at 84,315; *see also Cline Construction Company*, ASBCA No. 28600, 84-3 BCA ¶ 17,594 at 87,660 (government permitted to plead and introduce evidence relating to two defenses to contractor's claim not mentioned in the COFD over the contractor's objection). The Federal Circuit has held that a valid claim must give the contracting officer adequate notice of the basis and amount of the claim but need not provide detailed evidence of all of the alleged facts. *H.L. Smith, Inc. v. Dalton*, 49 F.3d 1563, 1565 (Fed. Cir. 1995) (finding claim presented was a valid CDA claim despite lack of detailed cost information); *see also Aerojet Ordnance Tennessee*, ASBCA No. 36089, 91-3 BCA ¶ 24,130, where we faulted a contractor's argument the government was asserting a new claim against it based on additional evidence the government had discovered during discovery, as being based upon a perspective that sought to isolate each piece of data or fact from its context. We stated: "If the court will have to review the same or related evidence to make its decision, then only one claim exists." *Id.* at 120,773 (quoting *Placeway Construction Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990)). Here we find that the facts the government argues constitute new claims are within the parameters of the claim considered by the contracting officer and that we therefore have jurisdiction to consider and decide the appeals. The facts set forth in the complaint do not differ materially from the essential nature of the operative facts in appellant's claim with the unsigned certification.

The government also argues that we erred when we ruled the long form of the license agreement was incorporated into the contract (gov't mot. at 9-11). The government argues that this ruling required consideration of operative facts not presented to the contracting officer (*id.*). The government asserts the claim includes no reference to the long form license agreement (*id.*). We find the government's arguments unpersuasive.

While it is true that the claim does not delineate amongst the three versions of the license agreement, the claim specifically asserts that the government failed to comply with the software registration procedures included in the license agreement. This is sufficient. The record in its totality suggests that appellant does not view the three forms as being distinct, legally separate agreements, and the government has not been prejudiced as the record indicates that the government was fully aware of the different forms of the license appellant had provided, e.g., the government posed several questions to appellant during discovery regarding the different versions of the license agreement and appellant's views of the government's responsibilities thereunder. (R4, tabs 20-21, 25-26) The long form of the agreement was included in the record, identified as "License Agreement" with no objection from the government (app. supp. R4, tab 8). Nor did the government either pose any objection to the testimony provided by appellant during the hearing relating to the long form of the

4

agreement, or demonstrate in its motion how it might have been prejudiced by appellant's failure to refer to the long form of the agreement expressly as such in its claim (tr. 1/59-64, 67-75 (testimony concerns tab 8 of app. supp. R4 which is the long form of the license agreement); app. supp. R4, tabs 2, 8). We find that the reference in the claim to the government's failure to comply with the software registration requirements involve the same operative facts relating to the more detailed factual assertions regarding the long form of the license agreement made by appellant in its complaint. Accordingly, we also find this argument by the government for reconsideration to be unpersuasive.

The government also argues we erred by relying on Federal Acquisition Regulation (FAR) Part 12.212, and the finding that the software was commercial software as that term is used in the FAR, neither of which appellant mentioned, either in its claim, or in its briefing (gov't mot. at 9). The government argues this necessarily involves a new claim. While it is true appellant never mentioned FAR 12.212, this provision sets forth the policy that commercial software purchased by the government is subject to the terms of the license the vendor offers to other purchasers to the extent the terms are consistent with federal law and otherwise satisfy the government's needs. We are unaware of any precedent that would prevent us from taking into account FAR provisions applicable to an issue that have not been cited by a party. Furthermore, we note that our discussion of FAR 12.212 and the commercial nature of appellant's software was a secondary rationale for our finding that the contract included the license agreement. The fact that this is a secondary basis for ruling that the contract included the licensing agreement means that, even if we were to agree with the government that our reliance on FAR 12.212 was erroneous, it would not change the ultimate ruling we made in appellant's favor. Nor do we find the government's statement that it had no opportunity to brief this issue persuasive. The government has had the opportunity to do so with its motion for reconsideration.

The government also argues we erred when we determined appellant's licensing agreement did not differ materially from the standard licensing agreement offered to the public. The government argues the changes appellant made to the agreement were material because it placed an affirmative duty on the government. Again, although this relates to our FAR 12.212 analysis, were we to accept the government's argument it would not affect the overall ruling in appellant's favor as we do not find merit in the government's argument. The government is also incorrect. Its argument ignores the fact that regardless of the license agreement form involved, the government had an affirmative duty to register the software, only the method of registration was changed, which was the basis for our finding that the change was not material. We are also unpersuaded by the government's reliance on the contracting officer's testimony that had he known about the registration requirement he would have taken significantly different steps. The record, as cited in our original opinion, indicates the contracting officer had no interest in the license and made no effort to familiarize himself with its terms. The record also would support finding that the contracting officer in fact did know about the registration requirements

5

given appellant's testimony that it was discussed with him, although the contracting officer testified he had no recollection of this discussion. 18-1 BCA ¶ 37,084, findings 15-16. We did not find it necessary to make such a finding and do not do so now.

Finally, the government argues we erred when we found the long form of the license agreement was included in the box with the copies of the software sent to the government. The basis for our finding was set forth in our opinion and the government's arguments do not persuade us that our finding in this regard was erroneous.

## CONCLUSION

We affirm our opinion and deny the government's motion for reconsideration.

Dated: March 1, 2019

CHRISTOPHER M. MCNULTY
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59913, Appeal of CiyaSoft Corporation, rendered in conformance with the Board's Charter.

Dated:

JEFFREY D. GARDIN
Recorder, Armed Services
Board of Contract Appeals

6