ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| A Best Services Inc. | ) ASBCA No. 63816 |
| | ) |
| Under Contract No. W9126G-20-D-0034 | ) |

APPEARANCES FOR THE APPELLANT:          David N. Deaconson, Esq.
                                        Will Gray, Esq.
                                          Pakis, Giotes, Burleson & Deaconson, P.C.
                                          Waco, TX

APPEARANCES FOR THE GOVERNMENT:          Michael P. Goodman, Esq.
                                          Engineer Chief Trial Attorney
                                        Rachel Fayas, Esq.
                                        Jennifer M. Dorsey, Esq.
                                          Engineer Trial Attorneys
                                          U.S. Army Engineer District, Fort Worth

ORDER OF PARTIAL DISMISSAL

On November 14, 2024, the government filed a motion seeking the dismissal of several counts of appellant's complaint for lack of jurisdiction. On December 2, 2024, appellant consented to the government's motion to dismiss for lack of jurisdiction, of five of the six claims set forth in appellant's complaint.[*]

Appellant appealed the December 19, 2023, contracting officer's final decision (COFD) denying in its entirety the claim seeking reimbursement of $215,000 for costs associated for work performed for each Letter of Instructions (LOI), and a claim of differing site condition related to grass height. The notice of appeal was filed with the Board on January 24, 2024, and was assigned ASBCA No. 63816.

On February 12, 2024, appellant filed a complaint seeking the following compensation:

1) REA, two hundred and fifteen thousand dollars ($215,000).

---

[*]At the time of the filing of the complaint, A Best Services, Inc., was represented by one of its officers. On May 28, 2024, a notice of appearance was filed by David N. Deaconson and Will Gray, PAKIS, GIOTES, BURLESON & DEACONSON, P.C.

2) To be paid for the machines I purchased for this contract, three hundred fifty thousand dollars ($350,000).

3) To be paid for amount that was left on the contract from June 1st, 2022 to September 30th, 2022, a total of one hundred sixty-seven thousand dollars ($167,000).

4) To be paid for the amount that was left on the contract from October 1st, 2022 to September 30th, 2023, a total of four hundred twenty-one thousand dollars ($421,000).

5) To be paid for the amount that was left on the contract from October 1st, 2023 to September 30th, 2024, a total of four hundred twenty-one thousand dollars ($421,000).

6) To be paid for the amount that was left on the contract from October 1st, 2024 to September 30th, 2025, a total of four hundred twenty-one thousand dollars ($421,000).

The government filed its answer on March 27, 2024, asserting affirmative defenses of assumption of the risk and payment.

The Appellant failed to submit any of the five additional claims for compensation (¶¶ 2 through 6) to the contracting officer for decision, and the government now seeks the dismissal of these five additional claims because they lack jurisdiction before the Board (gov't mot. at 2). The scope of the appeal, and our jurisdiction are dependent upon the claim submitted for final decision by the Contracting Officer. Under the CDA the Board has jurisdiction over disputes based upon claims that a contractor has first submitted to the CO for decision. 41 U.S.C. §§ 605(a), 606. We lack jurisdiction over claims raised for the first time on appeal, in a complaint or otherwise. *D.L. Braughler Co., Inc. v. West*, 127 F.3d 1476, 1480 (Fed. Cir. 1997); *Consolidated Defense Corp.*, ASBCA No. 52315, 03-1 BCA ¶ 32,099. Whether a claim before the Board is new or essentially the same as that presented to the contracting officer depends upon whether the claims derive from common or related operative facts. *Lockheed Martin Aircraft Center,* ASBCA No. 55164, 07-1 BCA ¶ 33,472 at 165,933; *Contel Advanced Systems, Inc.*, ASBCA No. 49073, 02-1 BCA ¶ 31,809 at 157,149; *Trepte Construction Co., Inc.*, ASBCA No. 38555, 90-1 BCA ¶ 22,595 at 113,385-86; *see also Placeway Construction Corp. v. United States*, 920 F.2d 903, 908 (Fed. Cir. 1990). The assertion of a new legal theory of recovery, when based upon the same operative facts as the original claim, does not constitute a new claim. *Trepte, id. Dawkins General Contractors & Supply, Inc.*, ASBCA No. 48535, 03-2 BCA ¶ 32,305 at 159,844.

The additional claims presented here do not constitute new theories based upon the same operative facts but are entirely new and separate claims. Accordingly, we find that appellant's claims seeking payment for equipment purchased ($350,000), the payment of the balance left on the 2022 contract ($167,000), and the payment for option years 2022 ($421,000), 2023 ($421,000), and 2024 ($421,000), represent new claims that we lack jurisdiction to decide. The monetary claim that is the subject of the December 19, 2023 COFD in the amount of $215,000 remains before the Board and the current schedule remains unchanged.

Date: December 12, 2024

STEPHANIE CATES-HARMAN
Administrative Judge
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Order of Partial Dismissal of the Armed Services Board of Contract Appeals in ASBCA No. 63816, Appeal of A Best Services Inc., rendered in conformance with the Board's Charter.

Dated: December 12, 2024

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals