ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of -- | ) |
| | ) |
| ECC International Constructors, LLC | ) ASBCA No. 59586 |
| | ) |
| Under Contract No. W912ER-10-C-0054 | ) |

APPEARANCES FOR THE APPELLANT:   R. Dale Holmes, Esq.
Michael H. Payne, Esq.
  Cohen Seglias Pallas Greenhall & Furman PC
  Philadelphia, PA

APPEARANCES FOR THE GOVERNMENT:   Michael P. Goodman, Esq.
  Engineer Chief Trial Attorney
Sarah L. Hinkle, Esq.
Geoffrey A. Mueller, Esq.
Matthew Tilghman, Esq.
Kathryn G. Morris, Esq.
  Engineer Trial Attorneys
  U.S. Army Engineer District, Middle East
  Winchester, VA

OPINION BY ADMINISTRATIVE JUDGE MCILMAIL ON GOVERNMENT'S
MOTION TO DISMISS FOR LACK OF JURISDICTION

This appeal was consolidated (not merged) with ASBCA No. 59643, *see generally Avant Assessment, LLC*, ASBCA No. 58867, 16-1 BCA ¶ 36,436 at 177,601 (distinguishing consolidation from merger), and was heard with ASBCA No. 59643. In the interest of efficiency, we address the jurisdictional challenge to this appeal separately. The government moves for the dismissal of the appeal for lack of jurisdiction, saying that appellant, ECC International Constructors, LLC (ECCI), did not provide sums certain for what the government says are separate claims. This opinion addresses that issue. In addition, in post-hearing briefing both parties claim $940,274 in liquidated damages. That issue will be addressed in a separate opinion.

STATEMENT OF FACTS FOR PURPOSES OF THE MOTION

In September 2010, the parties contracted for ECCI to design and construct a military compound in Afghanistan (R4, tab 5 at 2, 179 § 1.1). On February 12, 2014, ECCI submitted to the contracting officer a demand for $13,519,913.91 for 329 days of alleged government delay in three categories:

(1) changes to address security requirements for the contract; (2) review of the 95% and 100% design submissions; and (3) other directives to perform additional work or to change the requirements of the contract (R4, tab 72 at 1). The submission breaks the $13,519,913.91 demand amount into cost elements (e.g., labor, labor overhead, equipment, etc.), but does not break it down by particular delay categories or events (R4, tab 72 at 270). Nor does the breakdown include any component for the return of liquidated damages (*id.*); indeed, the February 12, 2014 submission to the contracting officer does not request remission of liquidated damages.

In its claim to the contracting officer, ECCI explained the basis of its claim of alleged delays to the 95% and 100% design submissions:

> While developing the initial design deliverables, ECCI began incurring delays resulting from longer than scheduled Government design review periods . . . . The most notable impact to our design schedule after 10 July 2011 was derived from excessive delays in the Government's issuance of the "Utility Consolidation" or "Site Synchronization" modification, requiring significant changes to the design of site civil and utility infrastructure to accommodate and support the neighboring Aviation Compound project. It was on 19 October 2011, over seven months after ECCI originally priced the modification, and over three months after the cut-off date for the items addressed in the 65% Design Delay modification, when the "Utility Consolidation" or "Site Synchronization" modification was finally negotiated and issued. While the construction cost impacts were addressed by Modification P0004, the associated delay and delay costs were not addressed . . . . A line item summary of the delays related to design, construction submittals, and other over-reaching actions from the Government is provided in Attachment A.

(R4, tab 72 at 12) ECCI also identified the basis of its claim of alleged delays from alleged government directives to add work or to change contract requirements, consisting of (1) directives to add and change communications system; (2) government delay in HVAC design and construction submittal delay and direction to provide changed HVAC equipment; (3) government delay in approval of fire protection design and construction submittals; (4) changing direction regarding design and provision of Uninterruptible Power Supply (UPS); (5) unilateral kennel modification; (6) HVAC start up and commissioning technical expert banned from Camp Pratt; (7) electrical and fire alarm stop work order; and (8) dedicated communications rooms electrical panels (R4, tab 72

at 25-51).  In addition, ECCI summarized the basis of its claim for alleged delays associated with directed security changes:

> The Government imposed direct and significant changes to the security requirements of this contract, made countless revisions to their written policies that were not communicated to ECCI, and imposed numerous and ever-changing unpublished revisions, interpretations and additional requirements to those policies.

(R4, tab 72 at 58)  Finally, the submission to the contracting officer includes a spreadsheet entitled Estimate Detail Report; that series of monthly project cost data does not identify the specific rates that apply to specific sub-claims (R4, tab 72 at 273-95).

Regarding the security requirements issue, on January 24, 2019, in *ECC Int'l Constructors, LLC*, ASBCA No. 59138 *et al.*, 19-1 BCA ¶ 37,252 at 181,315, *aff'd*, 817 Fed. App'x 952 (Fed. Cir. 2020) (unpublished opinion), we entered summary judgment in the government's favor, holding that, when the International Security Assistance Force (which is not an agency of the United States Government) encompassed the contract work site within its base security fence, and enforced its own base security procedures at the contract work site, there was no breach of a contract warranty, and no constructive change to the contract, that might have entitled ECCI to recovery from the government. Familiarity with that opinion is assumed.  Because that decision, affirmed on appeal, is final, *see generally Orlando Helicopter Airways, Inc. v. Widnall*, 51 F.3d 258, 261 (Fed. Cir. 1995) (concluding that Board's decision granting partial summary judgment was final for purposes of appellate review), the claim for the cost of delays arising from a change in security requirements is no longer before us.

Finally, ECCI filed this appeal on September 19, 2014, and the government filed its motion on June 23, 2020, during post-hearing briefing.

### DECISION

ECCI has the burden of proving the Board's jurisdiction by a preponderance of the evidence, including that it presented to the contracting officer a claim, which, in the case of a demand for money, must be stated in a sum certain.  *See Naseem Al-Oula Co.*, ASBCA No. 61321 *et al.*, 20-1 BCA ¶ 37,490 at 182,148.  Identifying what constitutes a separate claim is important.  *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005-06 (Fed. Cir. 2015).  The jurisdictional standard must be applied to each claim, not an entire case; jurisdiction exists over those claims that satisfy the requirements of an adequate statement of the amount sought and an adequate statement of the basis for the request.  *Id.*  Congress did not intend the word "claim" to mean the whole case between the contractor and the Government, but, rather, that "claim" means each claim under the

3

Contract Disputes Act (41 U.S.C. §§ 7101-7109) for money that is one part of a divisible case. *Joseph Morton Co. v. United States*, 757 F.2d 1273, 1281 (Fed. Cir. 1985). The requirement that a claim adequately specify both the amount sought and the basis for the request means that requests involve separate claims if they either request different remedies (whether monetary or non-monetary) or assert grounds that are materially different from each other factually or legally. *K-Con Bldg.*, 778 F.3d at 1005. This approach, which has been applied in a practical way, serves the objective of giving the contracting officer an ample, pre-suit opportunity to rule on a request. *Id.* at 1006.

Claims seeking different types of remedy, such as expectation damages versus consequential damages, are different claims. *See id.* Presenting a materially different factual or legal theory (e.g., breach of contract for not constructing a building on time versus breach of contract for constructing with the wrong materials) creates a different claim. *See id.* We must go beyond the face of claims to make these distinctions. *See id.* For example, although there may be a common type of fact involved in a contractor's various extended overhead claims, i.e., a cause of delay, that does not necessarily mean that each claim involves proof of a common or related set of operative facts. *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 909 (Fed. Cir. 1990). Such a "factual thread" is not determinative of whether there is only a single, unitary extended overhead claim. *Id.*

Consequently, a contractor's monetary claim must not only state a bottom-line sum certain for the overall claim, it must also state a sum certain for any distinct claim component within the overall claim. *See K-Con Bldg.*, 778 F.3d at 1005; *Joseph Sottolano*, ASBCA No. 59777, 15-1 BCA ¶ 35,970 at 175,735. If no sum certain is specified, the contracting officer cannot settle the claim by awarding a specific amount of money, because such a settlement would not preclude the contractor from filing suit seeking the difference between the amount awarded and some larger amount never specifically articulated to the contracting officer. *N. Star Alaska Hous. Corp. v. United States*, 76 Fed. Cl. 158, 184; *dismissed*, 226 F. App'x 1004 (Fed. Cir. 2007) (table).

The government contends that "[a]lthough these are all claims for delay, the operative facts for each of the claims are separate and independent of the operative facts for all of the other claims." Thus, the government concludes, "the claim is not a unitary claim, but rather a number of separate claims," and without a sum certain for each of those claims, the claim was never properly submitted to the contracting officer for a decision. (Gov't mot. at 9) ECCI counters that the government's motion is contrary to the evidence contained in the record (app. resp. at 3).

ECCI's claim submission to the contracting officer sets forth a bottom-line sum certain, but does not set forth sums certain for any of the discrete sub-claims that comprise that submission. Other than the security changes sub-claim no longer before us, those sub-claims fall into two categories: (1) the 95% and 100% design submissions; and

(2) other additional work or contract changes. Each of these categories relies upon its own set of operative facts: the design delay claims rely upon "facts concerning longer than scheduled Government design review periods," and the remainder of the submission to the contracting officer that is still at issue rely upon facts – according to the narrative of the submission itself – concerning eight distinct categories of alleged government action. However, in its claim to the contracting officer ECCI assigns to none of those a sum certain.

Citing *Phi Applied Physical Sciences, Inc.*, ASBCA No. 56581, 13 BCA ¶ 35,308 at 173,337, ECCI invokes the rule that the sum certain requirement is met if the sum, although not expressly totaled by the contractor, "is readily calculable by simple arithmetic" (app. opp. at 17), saying that "if there was any question about the costs arising from any specific cause of delay, those questions could be answered via 'simple arithmetic' by multiplying the number of days by the applicable rate at the time the delay occurred" (*id.* at 18). In addition, ECCI points to the Estimate Detail Report that accompanies the submission to the contracting officer, saying that the spreadsheet "provided the Government with all of the calculations used to determine the costs associated with each of the critical path delays addressed in ECCI's delay claim" (app. opp. at 9-10 ¶ 15-17). However, that spreadsheet does not identify the specific rates that apply to specific sub-claims, nor does it indicate how the contracting officer would calculate those rates. Moreover, having reviewed the spreadsheet, we do not see how sums certain for the sub-claims at issue would be readily calculable by simple arithmetic. Presumably not coincidentally, ECCI does not even now identify what those rates are, much less, as the government points out (gov't reply at 9), does ECCI even now perform the arithmetic that it says is simple. Consequently, ECCI fails to demonstrate that the sums at issue are readily calculable by simple arithmetic. *Cf. Sweet Star Logistic Serv.*, ASBCA No. 62082, 20-1 BCA ¶ 37,704 at 183,046 ("appellant's purported claim is ambiguous, unclear, and gives the [contracting officer] inadequate notice of the basis and amount of the claim"); *CDM Constructors, Inc.*, ASBCA No. 59524, 15-1 BCA ¶ 36,097 at 176,239 ("By failing either to specify, expressly, that $972,476 was the claim amount, or to provide the contracting officer with easily-understood information from which that amount could be arrived at through a simple calculation, CDM failed to state a sum certain."); *Al Bahar Co.*, ASBCA No. 58416, 14-1 BCA ¶ 35,691 at 174,689 ("Although appellant's written objection does not itself state a sum certain, the totality of the correspondence between the parties establishes, by simple mathematical calculation of the dollar amounts of the 10 DD250s that appellant submitted [], appellant had submitted to the [contracting officer] a claim for $44,500 (10 x $4,450)."); *N. Star Alaska*, 76 Fed. Cl. at 185 ("While plaintiff suggests that administrative claims can be cobbled together from various documents that were possessed by defendant, as to most of the claims at issue, there are no select group of documents, supplied by plaintiff or otherwise, that provide a "clear and unequivocal" indication as to the amount sought by plaintiff.").

Finally, citing Board Rule 7(b), which provides (emphasis added) that "[a]ny motion addressed to the jurisdiction of the Board *should* be promptly filed," ECCI challenges the timeliness of the government's motion, given that the June 23, 2020 motion was filed post-hearing and more than six years after the February 12, 2014 presentation of ECCI's submission to the contracting officer (app. opp. at 2-3, 20-21). However, the use of the term "should" is precatory, not mandatory, *see Antor Media Corp.*, 689 F.3d 1282, 1290 (Fed. Cir. 2012); *Record Steel & Constr., Inc. v. United States*, 62 Fed. Cl. 508, 515 (2004). Moreover, the jurisdiction of the Board may be raised at any time prior to final decision by the parties or by the Board itself. *B.W. Hovermill Co.*, ASBCA No. 5570, 59-2 BCA ¶ 2,439; *see Folden v. United States*, 379 F.3d 1344, 1354 (Fed. Cir. 2004).

For these reasons, the affirmative monetary claims set forth in appellant's February 12, 2014 submission to the contracting officer arising from (1) government review of the 95% and 100% design submissions, and (2) other directives to perform additional work or to change the requirements of the contract, are dismissed for lack of jurisdiction. A separate opinion will address the parties' claims for liquidated damages, including whether the Board possesses jurisdiction to entertain those claims.

CONCLUSION

The government's motion is granted in part: the affirmative monetary claims set forth in appellant's February 12, 2014 submission to the contracting officer arising from (1) government review of the 95% and 100% design submissions, and (2) other directives to perform additional work or to change the requirements of the contract, are dismissed for lack of jurisdiction.

Dated: May 17, 2021

TIMOTHY P. MCILMAIL
Administrative Judge
Armed Services Board
of Contract Appeals

(Signatures continued)

6

I concur                                    I concur


_____                    _____
RICHARD SHACKLEFORD                         OWEN C. WILSON
Administrative Judge                        Administrative Judge
Acting Chairman                             Vice Chairman
Armed Services Board                        Armed Services Board
of Contract Appeals                         of Contract Appeals


      I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 59586, Appeal of ECC International Constructors, LLC, rendered in conformance with the Board's Charter.

      Dated: May 21, 2021


_____
PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals