ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| Sauer Incorporated | ) ASBCA No. 62395 |
| | ) |
| Under Contract No. W91278-07-D-0030 | ) |

APPEARANCE FOR THE APPELLANT:       Gina P. Grimsley, Esq.
                                      Counsel

APPEARANCES FOR THE GOVERNMENT:     Michael P. Goodman, Esq.
                                      Engineer Chief Trial Attorney
                                    Laura J. Arnett, Esq.
                                      Engineer Trial Attorney
                                      U.S. Army Engineer District, Savannah

OPINION BY ADMINISTRATIVE JUDGE STINSON ON APPELLANT'S
MOTION FOR LEAVE TO FILE AFFIRMATIVE DEFENSES

Appellant Sauer Inc. (Sauer) requests leave to file what it has termed three affirmative defenses to the government's claim for liquidated damages: (1) "Failure to state a Claim Upon Which Relief Can Be Granted;" (2) "The Liquidated Damages Rate is Unreasonable and/or Unenforceable as a Penalty;" and (3) "Liquidated Damages Should Be Apportioned if Not Remitted Entirely" (app. mot. at 1-2; app. aff. def. at 1-2).

I. *Introduction*

Appellant filed its motion in response to our decision granting, in part, appellant's cross-motion for summary judgment, based upon appellant's substantial completion of Phases I and II of the Task Order. *Sauer, Inc.*, ASBCA No. 62395, 21-1 BCA ¶ 37,845. In that decision, we found that Sauer "has the right to assert what is, in essence, an affirmative defense to the government's assessment of liquidated damages," stating that "[r]egardless of the discovery appellant claims is necessary as to the reasonableness of government's determination of the liquidated damages rate pre-award, or the government's jurisdictional argument as to that determination, appellant here also challenges the reasonableness of the government's decision not to apportion that rate, even though appellant had completed Phases I and II." *Id*. at 183,759. In its reply to appellant's cross-motion for summary judgment, the government argued that we lacked "jurisdiction to consider the reasonableness of its liquidated damages rate, including 'who

calculated the rate or how it was derived,' because it was not first the subject of a claim submitted by appellant or a contracting officer's final decision." *Id*.[1]

In *Sauer*, we explained that "[o]ur decision on the parties' cross-motions for summary judgment turns not on the reasonableness of the liquidated damages rate as established by the government pre-award (nor are we able to decide that factual dispute on summary judgment), but, rather, on the government's failure to apportion its liquidated damages at the time it assessed those damages." *Id*. at 183,759-760. We noted that "Board Rule 6(d) provides for amendment of pleadings 'upon conditions fair to both parties,'" and that, "[g]iven our decision here, appellant must decide what additional steps, if any, are necessary to properly tee up its affirmative defense for resolution in this appeal." *Id*. at 183,760. Our suggestion that appellant consider what steps were necessary to properly assert its affirmative defense was stated in the context of the government's jurisdictional challenge to appellant's arguments regarding assessment of liquidated damages, which the government argued were not properly before us.

## II. *Contention of the Parties*

In its motion for leave to file its affirmative defenses, appellant states that it believes the defenses it asserts "are properly encompassed within the scope of the appeal as framed in the Notice of Appeal, COFD [contracting officer's final decision], complaint and even as addressed by the parties in the summary judgment motions," but seeks leave to file "in an abundance of caution" (app. mot. at 2). With the filing of its motion for leave, appellant now has placed squarely before us its challenge to the reasonableness of the liquidated damages rate set forth in the task order, specifically with the submission of its second affirmative defense alleging that "The Liquidated Damages Rate is Unreasonable and/or Unenforceable as a Penalty" (app. aff. def. at 1). Appellant argues that this defense already is subsumed in its appeal given the alleged "broad relief" it sought in challenging to the government's imposition of that rate (app. mot. at 1).

The government opposes appellant's motion for leave, stating that the three affirmative defenses "are all attempts to have the Board address whether the liquidated damages (LD) rate was reasonable and enforceable" (gov't opp'n at 1). According to the government, we "may not consider the enforceability, reasonableness, or apportionment of the LD rate at this time because Sauer did not submit any of these issues to the contracting officer for decision" (*id*. at 2).[2] The government argues that because

---

[1] On May 14, 2021, the government filed a motion for reconsideration of our April 16, 2021, decision. Some of the issues raised in that motion overlap with issues discussed here. We address in a separate order issues raised by the government in its motion for reconsideration.

[2] Appellant did not file a reply to the government's opposition to appellant's motion for leave to file its affirmative defenses.

appellant allegedly failed to raise the issues in its claim, the contracting officer did not have an opportunity to decide the issues (*id.*).

    III. *Affirmative Defenses Alleging the Liquidated Damages Rate is Unreasonable and/or Unenforceable as a Penalty and Should Be Apportioned if Not Remitted Entirely*

As discussed above, our decision in this appeal did not turn on the reasonableness of the rate, only the enforceability of the rate based upon completion of the first two phases of the project. The error in the government's argument here is it combines two separate claims - the reasonableness of the contractual rate set forth in the task order and the enforceability of that rate where two phases of the project were completed. As we discuss below, appellant's claim submitted to the contracting officer encompassed the issue of enforceability of the government's liquidated damages claim because it challenged the propriety of liquidated damages in light of appellant's substantial completion of the project.

    A.  Unenforceability of Liquidated Damages

The government cites *M. Maropakis Carpentry, Inc., v. United States*, 609 F.3d 1323, 1331 (Fed. Cir. 2010), for the proposition that "defenses to liquidated damages should be considered claims that need to be first submitted to a contracting officer for decision" (gov't opp'n at 3). In that case, the contractor failed to present its Contract Disputes Act (CDA) claim to the contracting officer, and the Court of Federal Claims held that it lacked jurisdiction to consider the contractor's claim, but did have jurisdiction to consider the government's counterclaim for liquidated damages, which was the subject of a final decision. *Maropakis*, 609 F.3d at 1325. The Court of Appeals for the Federal Circuit affirmed, holding "that a contractor seeking an adjustment of contract terms must meet the jurisdictional requirements and procedural prerequisites of the CDA, whether asserting the claim against the government as an affirmative claim or as a defense to a government action." *Id.* at 1331.

Unlike the contractor in *Maropakis*, however, there is no dispute here that appellant submitted a claim to the contracting officer challenging the government's assessment of liquidated damages on the basis that appellant had substantially completed contract performance. There also is no dispute that the contracting officer issued a decision denying appellant's claim. As we stated in our previous decision, "Sauer submitted a certified claim to the government challenging the government's assessment of liquidated damages," asserting "that '[t]he government improperly assessed liquidated damages after Sauer achieved substantial completion and beneficial occupancy.'" *Sauer*, 21-1 BCA ¶ 37,845 at 183,752. Accordingly, we have jurisdiction to consider appellant's challenge to the enforceability of the government's claim. *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1006-07 (Fed. Cir. 2015) (jurisdiction to consider challenge to liquidated

3

damages claim was proper where "[t]here was adequate pre-suit notice to the contracting officer" challenging imposition of liquidated damages and a contracting officer's "valid pre-suit final decision rejecting" the contractor's contentions).  Notwithstanding the government's contentions to the contrary, appellant's challenge to the enforceability of liquidated damages assessed by the government was not raised for the first time in appellant's cross-motion for summary judgment.

Citing *Maropakis*, the government argues also that we lack jurisdiction to consider appellant's challenge to the assessment of liquidated damages because appellant's "allegations of unreasonableness and unenforceability" of the government's liquidated damages are "claims that request an adjustment to the contract terms" (gov't opp'n at 3 (citing *Maropakis*, 609 F.3d at 1331)).  However, in *ASFA Int'l Constr. Indus. and Trade, Inc.*, ASBCA No. 57880, 14-1 BCA ¶ 35,736 at 174,911, we held that *Maropakis* did not require the contractor "to submit a CDA claim contending the government waived its right to liquidated damages before it could pursue that defense here," because the contractor's "defense that the government waived both the completion dates and its right to collect liquidated damages does not seek an adjustment or modification to the contract terms; it simply maintains the government waived rights already granted by the contract."

The same reasoning applies here.  Appellant's argument that the liquidated damages are unenforceable based upon substantial completion of the project does not seek an adjustment to a contract term, nor is it a claim for *additional* monies from the government.  Rather, the contractor's enforceability challenge here seeks only a denial of the government's monetary claim, and does not seek to change the terms of the task order. *See also Kellogg Brown & Root Services, Inc.*, ASBCA Nos. 56358 *et al.*, 17-1 BCA ¶ 36,779 at 179,248 ("affirmative defenses that do not seek adjustment of the terms of the contract" do "not need to be presented to the CO for decision for the Board to have jurisdiction under *M. Maropakis*"), aff'd, 779 Fed. Appx. 716 (Fed. Cir. 2019).

B.  Reasonableness of the Liquidated Damages Rate Set Forth in the Task Order

The government argues that we lack jurisdiction to consider appellant's challenge to the reasonableness of the rate set forth in the task order because appellant did not challenge the reasonableness of the rate in its claim (gov't opp'n at 2).  The government argues "[i]t is well established that claims cannot properly be asserted for the first time in pleadings on appeals before the Board" (gov't opp'n at 2-3 (citing *AeroVironment, Inc.*, ASBCA Nos. 58598, 58599, 16-1 BCA ¶ 36,337)).  With regard to the reasonableness of the rate set by the task order, we agree with the government that appellant's claim submitted to the contracting officer did not include a challenge to the reasonableness of the actual rate as established at the time of award.

4

In *K-Con Bldg. Sys*., *Inc. v. United States*, the Federal Circuit held that requests are "separate claims if they *either* request different remedies (whether monetary or non-monetary) *or* assert grounds that are materially different from each other factually or legally." 778 F.3d 1000, 1005 (Fed. Cir. 2015) (emphasis in original) (citing *Contract Cleaning Maint*., *Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987)). In *Lee's Ford Dock*, *Inc. v. Secretary of the Army*, the Federal Circuit observed that "[m]aterially different claims 'will necessitate a focus on a different or unrelated set of operative facts.'" 865 F.3d 1361, 1369 (Fed. Cir. 2017) (quoting *Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) (to determine whether an issue constitutes new or separate claim "the court must assess whether or not the claims are based on a common or related set of operative facts")).

The government argues that "the operative facts raised in Sauer's claim and legal theory asserted by Sauer in both its claim and complaint are readily distinguishable from the factual grounds and legal theory now raised by Sauer in challenging the reasonableness of the liquidated damages rate," and "the original claim involved only facts that surrounded when substantial completion occurred, and an analysis of the daily reports and schedule" (gov't opp'n at 4). The government argues also that "the facts that are critical to an evaluation of the reasonableness of the rate include how the rate was calculated, whether the rate was reasonable at the time of contract formation, and the foreseeable actual damages which would be suffered by delayed completion of the project" (*id*. at 5).

Appellant responds, stating that "the arguments set forth in the Motions were not new, different, or separate claims" (app. opp'n at 6).[3] As support, appellant argues that it "is seeking a singular remedy remission of improperly assessed liquidated damages," and that all "arguments regarding the claim stem around the same core operative facts: the phased nature of the project, the substantial completion of the same, and the liquidated damages thereafter assessed by USACE" (app. opp'n at 5-6). As noted by the Federal Circuit in *DJ Mfg. Corp. v. United States*, "the test is objective; regardless of how the liquidated damage figure was arrived at, the liquidated damages clause will be enforced 'if the amount stipulated is reasonable for the particular agreement at the time it is made.'" 86 F.3d 1130, 1137 (Fed. Cir. 1996), quoting, *Young Assocs*., *Inc. v. United States*, 200 Ct. Cl. 438, 445, 471 F.2d 618, 622 (1973).

Appellant's challenge to the reasonableness of the rate set at the time of contract formation is a separate and different claim than the claim submitted by appellant to the contracting officer. As noted by the government, it requires "an evaluation of the reasonableness of the rate," including "how the rate was calculated," and "whether the rate was reasonable at the time of contract formation" (gov't opp'n at 5). We see here a clear demarcation between whether assessment of liquidated damages was appropriate

---

[3] "App. opp'n ___ " is a reference to appellant's June 11, 2021, memorandum in opposition to respondent's motion for reconsideration.

given completion of Phases I and II of the task order (and whether the government met its burden of proof to establish the propriety of seeking liquidated damages), and whether the specific rate set forth in the task order, and the calculations upon which that rate was based, was reasonable at the time of contract formation. Appellant's claim submitted to the contracting officer did not raise any such challenge to the reasonableness of the rate set forth in the task order. Accordingly, we lack jurisdiction to consider appellant's challenge to the reasonableness of that rate.[4] However, in so holding, appellant still may seek proper apportionment of that rate as part of its challenge relating to enforcement of the rate. *Dick Pacific Constr. Co*., ASBCA Nos. 57675 *et al*., 16-1 BCA ¶ 36,196 at 176,640 (daily liquidated damages rate set forth in contract to be apportioned based upon warranty dates for substantial completion of different portions of project).

Appellant's motion to file the affirmative defense that the government's liquidated damages rate is unreasonable and/or unenforceable as a penalty is denied to the extent that it challenges the specific government rate set forth in the task order, as the Board lacks jurisdiction to consider appellant's challenge to the amount of the daily rate itself and the manner in which that rate was set. However, to the extent appellant's affirmative defense challenges the enforceability of the full amount of the daily liquidated damages rate after substantial completion of Phases I and II of the project, we already have found that imposition of liquidated damages to be unenforceable. Accordingly, appellant's motion to file the affirmative defense that the government's liquidated damages rate is unenforceable as a penalty is granted to the extent that it challenges "the government's failure to apportion its liquidated damages at the time it assessed those damages." *Sauer*, 21-1 BCA ¶ 37,845 at 183,759-760. The same is true for appellant's motion to file the affirmative defense that liquidated damages should be apportioned if not remitted entirely.

IV. *Failure to State a Claim Upon Which Relief Can Be Granted*

Appellant also seeks leave to file the affirmative defense of failure to state a claim upon which relief may be granted. The government opposes appellant's request, stating that because "Sauer filed the Complaint in this matter and brought the appeal," appellant's "'failure to state a claim' defense is improper" (gov't opp'n at 9). The government cites Board Rule 6(b) as support, noting that the rule provides for the

---

[4] The government also argues that appellant waived its ability to challenge the reasonableness of the liquidated damages rate because it "never asserted the reasonableness of the rate as an affirmative defense. It was raised for the first time by the Board, sua sponte, in the Board's decision. (Decision at 19)." (Gov't opp'n at 7) In light of our ruling that we lack jurisdiction to consider appellant's challenge to the reasonableness of the rate, we do not reach the government's argument that appellant waived its right to challenge the reasonableness of the rate, or its argument regarding the statute of limitations.

government to file an answer and set forth any affirmative defenses, and that our rules "do not provide for an appellant who files a Complaint to then plead affirmative defenses, as if he were filing an Answer" (*id*.).  While the government is correct that our rules speak in terms of appellant filing a complaint and the government filing an answer, this is not a hard and fast rule.  Indeed, "[i]n appropriate cases, the Board may exercise its discretion to require the government to file the complaint, if doing so will facilitate efficient resolution of the appeal. . . . Such situations can arise if relevant information concerning the basis for the claim resides with the government, not the contractor." *Kellogg Brown & Root Services, Inc*., ASBCA No. 59557, 15-1 BCA ¶ 35,865 at 175,346-47 (granting appellant's motion requiring government file complaint in government claim challenging allowability of subcontractor insurance costs, stating "appellant should not have to speculate about the basis for the government's claim in its complaint") (citations omitted); *BAE Systems Land & Armaments Inc*., ASBCA No. 59374, 15-1 BCA ¶ 35,817 at 175,147 (granting contractor motion requesting government file complaint in defective pricing appeal).  Simply because appellant here filed the complaint, setting forth the government's claim, does not render it inappropriate for appellant to raise affirmative defenses to the government's claim.  Appellant now seeks leave to do so, which is permitted by Board Rule 6.  *BAE Sys. Land & Armaments L.P.*, ASBCA Nos. 62703, 62704, 21-1 BCA ¶ 37,936 at 184,250 n.3 ("Appellant's inclusion in its complaint of an affirmative defense to the government's claims is in keeping with the requirements of Board Rule 6(b)").

The government also seems to suggest that because appellant filed the complaint, it somehow is barred from arguing that the government failed to state a claim upon which relief can be granted, because it is arguing "against its own interest in asserting that there has been a failure to state a claim" (gov't opp'n at 10).  We disagree.  In arguing that the government failed to state a claim, appellant clearly is arguing against the government's interests, not appellant's.

Board Rule 7, which sets forth guidance regarding our motions practice, does not specifically list motions to dismiss for failure to state a claim, although we do consider such motions.  *Kamaludin Slyman CSC*, ASBCA Nos. 62006 *et al.*, 21-1 BCA ¶ 37,849 at 183,789.  In this instance, we look to the Federal Rules of Civil Procedure for guidance.  *BAE Systems*, 21-1 BCA ¶ 37,936 at 184,247.  FED. R. CIV. P. 12(b) provides that "[e]very defense to a claim for relief in any pleading must be asserted in the responsive pleading if one is required," and states that a party may assert by motion the defense of "failure to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  FED. R. CIV. P. 12(b)(6) is a successor to the common law demurrer "and is a method of testing the sufficiency of the statement of the claim for relief."  5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1349 (3rd ed. (2021)); *Graveley Roofing Corp*., ASBCA No. 30354, 85-2 BCA ¶ 18,079 at 90,758 ("the scope of Rule 12(b)(6) encompasses not only the common law demurrer but also various affirmative defenses").

7

FED. R. CIV. P. 12(b) "governs defenses and objections to a claim for relief, whether that claim appears in an original complaint or in any subsequent pleading that seeks relief." 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1347 (3rd ed. (2021)). Pursuant to FED. R. CIV. P. 12(h)(2), "[f]ailure to state a claim upon which relief can be granted . . . may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." Accordingly, pursuant to FED. R. CIV. P. 12(b) and 12(h), appellant is not now somehow foreclosed from asserting the affirmative defense of failure to state a claim simply because it filed the complaint in this appeal challenging the government's claim.

In support of its argument, the government cites *Lindsay v. United States*, 295 F.3d 1252, 1257 (Fed. Cir. 2002), stating "[a] motion to dismiss for failure to state a claim upon which relief can be granted is appropriate where *the facts asserted in the complaint* do not entitle the claimant to a legal remedy" (gov't opp'n at 9-10 (emphasis supplied by government)). Other than asserting this general proposition, however, the Federal Circuit's decision in *Lindsay* does not advance the government's cause. Indeed, *Lindsay* concerned a challenge by a former officer of the Department of the Air Force to actions that led to his involuntary separation from service. On appeal, the Federal Circuit reversed a decision by the Court of Federal Claims that had dismissed the former officer's complaint for failure to state a claim upon which relief can be granted. The Federal Circuit's decision in *Lindsay* in no way addressed the situation here, where a contractor challenges a government claim and seeks to add the affirmative defense of failure to state a claim.

The government cites also *Information Sys. & Network Corp.*, ASBCA Nos. 41514, 42659, 92-1 BCA ¶ 24,607 at 122,763, which involved a government claim of default termination, wherein the contractor, according to the government, "properly asserted" in its complaint, the defenses of constructive change, delay, breach of contract, and bad faith (gov't opp'n at 10). The government argues that appellant here "should have pled its claims regarding the reasonableness and enforceability of the LD rate in its Complaint" (*id*.). Yet the government maintains, as to the defense of failure to state a claim, that appellant, who filed an answer, and not the complaint, is constrained from filing this affirmative defense (gov't opp'n at 9). The government cannot have it both ways.

As noted above, Board Rule 6(d) permits us to allow "either party to amend its pleading upon conditions fair to both parties." The government's procedural argument does not allege any issue of unfairness to the government as it relates to our granting appellant leave to assert the affirmative defense of failure to state a claim upon which relief can be granted. Although the government alleges that "conditions are not fair" because "the contracting officer never had the opportunity to consider Sauer's assertions," and appellant "failed to raise any such allegations until it filed a Cross-Motion for Summary Judgment, more than six years after the events giving rise to the action

8

occurred" (gov't opp'n at 2), the government's response does not allege it would be prejudiced in any way by allowing appellant to file the affirmative defense of failure to state a claim. On this issue, the government states only that "Sauer appears to raise a FRCP 12(b)(6) motion to dismiss based on a failure to state a claim on an appeal that it brought" (*id.*).

The government's challenge to the sufficiency of appellant's defense of failure to state a claim is akin to its requesting a motion to strike, although the government does not use that terminology. Because our Board Rules do not address motions to strike, we again look for guidance from the Federal Rules of Civil Procedure. *Fru-Con Constr. Corp.*, ASBCA Nos. 53544, 53794, 03-2 BCA ¶ 32,275 at 159,673 (denying appellant's motion to strike) (citation omitted). FED. R. CIV. P. 12(f) provides that a "court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." We exercise "considerable discretion," in deciding such motions, which "generally are disfavored, though, and have often been denied even when literally correct where there has been no showing of prejudicial harm to the moving party." *ASCT Grp., Inc.*, ASBCA No. 61955, 20-1 BCA ¶ 37,540 at 182,289, citing *Godfredson v. JBC Legal Grp., P.C.*, 387 F. Supp. 2d 543, 547-48 (E.D.N.C. 2005). The government has demonstrated no prejudicial harm with regard to allowing appellant's defense of failure to state a claim to go forward at this point in the proceedings. This especially is true where, as here, the parties have yet to engage in discovery. Indeed, as noted above, failure to state a claim upon which relief can be granted may be raised even at trial. FED. R. CIV. P. 12(h)(2)(C). Accordingly, we grant appellant's motion for leave file the affirmative defense of failure to state a claim upon which relief can be granted.

## CONCLUSION

Appellant's motion for leave to file the affirmative defense that the government's liquidated damages rate is unreasonable and/or unenforceable as a penalty is DENIED to the extent that it challenges the specific government rate set forth in the task order, as the Board lacks jurisdiction to consider a challenge to the amount of the daily rate itself, or the manner in which that rate was set, and is GRANTED to the extent that it challenges as unenforceable, the government's failure to apportion the liquidated damages rate based upon appellant's completion of Phases I and II of the project. We GRANT appellant's

9

motion for leave to file the affirmative defense that liquidated damages should be apportioned if not remitted entirely, and the affirmative defense of failure to state a claim upon which relief can be granted.

Dated: March 2, 2022

DAVID B. STINSON
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

OWEN C. WILSON
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 62395, Appeal of Sauer Incorporated, rendered in conformance with the Board's Charter.

Dated:  March 3, 2022

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals