ARMED SERVICES BOARD OF CONTRACT APPEALS

| | |
|---|---|
| Appeal of - | ) |
| | ) |
| PAE Applied Technologies LLC | )    ASBCA No. 63233 |
| | ) |
| Under Contract No. N66604-05-C-1277 | ) |

APPEARANCES FOR THE APPELLANT:    Nicole J. Owren-Wiest, Esq.
Erin N. Rankin, Esq.
Catherine O. Shames, Esq.
  Crowell & Moring LLP
  Washington DC

APPEARANCES FOR THE GOVERNMENT:    Craig D. Jensen, Esq.
  Navy Chief Trial Attorney
Philip Hadji, Esq.
  Trial Attorney

OPINION BY ADMINISTRATIVE JUDGE TAYLOR

In this appeal, we face the interesting question of the Respondent, the United States Department of the Navy (Navy or the government), moving to dismiss the appeal due to lack of subject matter jurisdiction asserting its own demand letter was not a contracting officer's final decision (COFD) under the Contract Disputes Act (CDA). The Navy's demand letter sought the repayment of a specified amount previously paid appellant for allegedly COVID-related costs (R4, tab 396). The Navy contends it issued that demand letter merely to invite PAE Applied Technologies LLC (appellant or PAE) to comment on its refusal to adequately substantiate the COVID-related costs and did not intend it to be a COFD (gov't mot. at 1). For the reasons discussed below, we deny the Navy's motion to dismiss and conclude the government's March 2, 2022, letter demanding payment from PAE is a government claim and final decision under the CDA.

STATEMENT OF FACTS (SOF) FOR PURPOSES OF THE MOTION

On January 28, 2005, PAE and the Navy executed cost reimbursement Contract No. N66604-05-C-1277 (the contract) for PAE to provide maintenance and operations at the Atlantic Undersea Test & Evaluation Center (AUTEC) (R4, tab 1 at 1, 92). The contract incorporates by reference FAR 52.216-7, ALLOWABLE COST AND PAYMENT (DEC 2002) and FAR 52.233-1, DISPUTES (JUL 2002) (id. at 27-28). FAR 52.233-1 defines a claim, in part, as:

(c) "Claim," as used in this clause, means a written demand or written assertion by one of the contracting parties seeking, as a matter of right, the payment of money in a sum certain, the adjustment or interpretation of contract terms, or other relief arising under or relating to this contract.

FAR 52.233-1, DISPUTES (JUL 2002).

Beginning in March 2021, the Navy and PAE exchanged correspondence relating to the applicability of the Coronavirus Aid, Relief, and Economic Security Act (CARES Act) to the contract, the purported fees charged on COVID-related costs, and the allowability of such costs under the contract (compl. ¶¶ 48-56; app. supp. R4, tabs 432-33, 443, 445-46).

On March 2, 2022, Ms. Tracy Hamilton, the contracting officer, sent a letter entitled "DEMAND FOR PAYMENT FOR UNALLOWABLE COVID COSTS" to PAE (R4, tab 396). The demand letter indicated the government had determined PAE invoiced, and the government had paid, unallowable COVID costs on the contract (*id.* at 7163). The letter further stated, "the Government demands reimbursement of the funds in the amount of $4,302,782.81 plus applicable indirect rates plus two percent (2%) fee" (*id.*). The letter proceeded to break down the unallowable COVID charges paid to date per contract price line item and sub-line item (*id.* at 7163-65). The letter indicated interest would accrue on any amount not paid within 30 days of the demand for payment (*id.* at 7165-66). Ms. Hamilton also advised PAE to contact her in writing if it believed the debt was invalid or the amount was incorrect (*id.* at 7166). Finally, the letter stated the payment office could initiate procedures to offset the debt against any payments otherwise due PAE, and PAE could submit a request for installment payments or deferment of collection if immediate payment was not practicable or if PAE disputed the amount (*id.*). Ms. Hamilton's letter did not state it was a COFD and did not include a notice of appeal rights.

On March 29, 2022, PAE appealed Ms. Hamilton's demand letter to the Board. On May 5, 2023, more than one year after PAE filed its appeal, Ms. Hamilton withdrew her demand letter (app. opp'n ex. 1). The contracting officer, however, in her Declaration attached as an exhibit to the government's motion, indicates she still intends to pursue the Navy's questions about these costs and has initiated an audit with the Defense Contract Audit Agency (gov't mot. ex. A ¶ 14). The Navy filed a motion to dismiss the appeal for lack of jurisdiction on May 22, 2023.[1]

---

[1] We note the Navy has not moved to dismiss this appeal due to the contracting officer's withdrawal of the COFD. As previously noted in the Board's May 8, 2023, Order, "When a contracting officer unequivocally rescinds a government

2

<u>DECISION</u>

The Navy moves to dismiss PAE's appeal for lack of subject matter jurisdiction asserting the government's March 2, 2022, demand letter: (1) is not labeled as a COFD; (2) does not include the mandatory CDA appeal language; (3) does not demand a sum certain dollar amount; and (4) does not make an unequivocal demand (gov't mot. at 1-2).

I. Standard of Review

When considering a motion to dismiss for lack of subject matter jurisdiction, the Board accepts only uncontroverted allegations as true for purposes of the motion, and "other facts underlying the jurisdictional allegations are subject to fact-finding." *L-3 Commc'ns Integrated Sys., LP*, ASBCA Nos. 60713, 60716, 17-1 BCA ¶ 36,865 at 179,625; *see also Cedars-Sinai Medical Center v. Watkins*, 11 F.3d 1573, 1583-84 (Fed. Cir. 1993). The Board relies on the record for fact-finding when evaluating the facts supporting jurisdiction. *Kellogg Brown & Root Servs., Inc.*, ASBCA No. 62681 *et al.*, 22-1 BCA ¶ 37,974 at 184,426.

The CDA grants the Board jurisdiction over appeals from decisions of contracting officers. *See* 41 U.S.C. § 7105(e)(1)(A). A contracting officer's decision asserting a government monetary claim must be both a valid claim and a contracting officer's final decision on that claim. *M. Maropakis Carpentry, Inc. v. United States*, 609 F.3d 1323, 1327 (Fed. Cir. 2010); *L-3 Commc'ns Integrated Sys., LP,* 17-1 BCA ¶ 36,865 at 179,625 ("Pursuant to the CDA, for a government claim, this Board's jurisdiction is dependent on a contracting officer asserting a claim in the form of a contracting officer's final decision issued to the contractor."). The Federal Circuit has also held a claim must be submitted in writing and contain a "clear and unequivocal statement that gives . . . adequate notice of the basis and amount of the claim." *Cont. Cleaning Maint., Inc. v. United States*, 811 F.2d 586, 592 (Fed. Cir. 1987). "The Board treats a determination regarding the adequacy of a claim to be jurisdictional." *L-3 Commc'ns Integrated Sys., LP*, 17-1 BCA ¶ 36,865 at 179,625.

---

claim, the government's action moots the appeal, leaving the Board without jurisdiction to entertain the appeal further." Bd. Order, May 22, 2023 (citing *Scot Cardillo d.b.a. Eng'rs Tooling Support*, ASBCA No. 62501, 22-1 BCA ¶ 38,153 at 185,297). Here, the contracting officer has expressed an intention to continue to question these costs despite the withdrawal of her demand letter (gov't mot. ex. A ¶ 14).

II. The Navy's March 2, 2022, Demand Letter Asserts A Valid Claim And Final Decision

Since the CDA does not define the term "claim", we look to the FAR definition of a claim incorporated into the contract through the disputes clause. *See K-Con Bldg. Sys. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015); *Kellogg Brown & Root Servs., Inc.*, 22-1 BCA ¶ 37,974 at 184,427. The contract defines the term "claim", in part, as "a written demand ... by one of the contracting parties seeking as a matter of right, the payment of money in a sum certain...." (R4, tab 1 at 28) (citing by reference FAR 52.233-1, DISPUTES (JUL 2002)). As such, a monetary claim must "adequately specify both the amount sought and the bases for the request." *Kellogg Brown & Root Servs., Inc.*, 22-1 BCA ¶ 37,974 at 184,427 (citing *K-Con Bldg. Sys. Inc.*, 778 F.3d at 1005). Moreover, "[T]he statement of claim must provide a basis for meaningful dialogue between the parties aimed toward settlement or negotiated resolution of the claim if possible, or for adequate identification of the issues to facilitate litigation should that be necessary following issuance of the decision." *Blake Constr. Co.*, ASBCA No. 34480 *et al.*, 88-2 BCA ¶ 20,552 at 103,890.

In this case, the Navy's March 2, 2022, demand letter indicates it seeks the return of certain unallowable "non-productive COVID costs" the government previously paid the appellant and demands "reimbursement of the funds in the amount of $4,302,782.81 plus applicable indirect rates plus two percent (2%) fee" (R4, tab 396 at 7163). Furthermore, the letter indicates "any amounts not paid within 30 days from the date of this demand for payment will bear interest" (*id.* at 7165). The government's letter provides adequate notice that the government's claim is for the return of previously reimbursed unallowable COVID costs and specifies a specific dollar amount. *L-3 Commc'ns Integrated Sys., LP*, 17-1 BCA ¶ 36,865 at 179,625-26 (government final decisions provided adequate notice of both the basis and amount of the claims). We find the Navy's March 2, 2022, demand letter is a valid claim and COFD under the CDA.

The Navy contends it issued the March 2, 2022, demand letter "to invite PAE to comment on its refusal to adequately substantiate COVID-related costs" and not as a final decision (gov't mot. at 1). In support of its contention, the Navy first argues the letter does not state that it is a COFD as required by 41 U.S.C. ¶ 7103(a)(3) (*id.* at 9). A contracting officer's demand letter, however, does not need to be labeled as a final decision to be a CDA claim. *Alliant Techsystems, Inc. v. United States*, 178 F.3d 1260, 1267 (Fed. Cir. 1999) ("A letter can be a final decision under the CDA even if it lacks the standard language announcing that it constitutes a final decision."). The CDA requires, "[E]ach claim by the Federal Government against a contractor relating to a contract shall be the subject of a written decision by the contracting officer." 41 U.S.C. ¶ 7103(a)(3). The CDA does not state a claim must say it is a COFD.

4

In our recent *Kellogg Brown & Root Services, Inc.*, decision, we found the contracting officer's demand letters demanding liquidated damages and the repayment of provisional accelerated payments to be final decisions on government claims even though the demand letters were not labeled as final decisions. *Kellogg Brown & Root Servs., Inc.*, 22-1 BCA ¶ 37,974 at 184,428; *see also Placeway Constr. Corp. v. United States*, 920 F.2d 903, 907 (Fed. Cir. 1990) (A communication from a contracting officer can constitute a valid final decision even if it does not contain the boilerplate language.). We find the March 2, 2022, demand letter is a claim under the CDA even though it is not labeled as a COFD.

The Navy next contends the March 2, 2022, demand letter is not a valid COFD because it does not include the mandatory contractor appeal language (gov't mot. at 9). Appellant, in its response to the government's motion, correctly notes the Federal Circuit and this Board have long held that a contracting officer's omission of appeal rights or other FAR part 33 requirements in a final decision only affects CDA jurisdiction if the omission prejudices the contractor (app. opp'n at 15-16); *see, e.g. Decker & Co. v. West*, 76 F.3d 1573, 1579-80 (Fed. Cir. 1996) ("The focus of this requirement [appeal rights] is the protection of the contractor. When the contractor's determination regarding appeal is unaffected by the defect, the notice does not fail in its protective purpose."); *Kellogg Brown & Root Servs., Inc.*, 22-1 BCA ¶ 37,974 at 184,429 (valid final decisions despite omission of appeal rights). In this case, PAE has clearly not been harmed by the Navy's failure to include the appeal rights in the government's demand letter since it did, in fact, timely appeal that demand.

The Navy also argues the March 2, 2022, demand letter is not a valid COFD because it fails to state a "sum certain" amount (gov't mot. at 10-12). The Navy contends the $4,302,782.81 demanded in the contracting officer's letter is qualified by the statements "plus applicable indirect rates" and "plus applicable burdens" included in the letter (*id.* at 10) (citing R4, tab 396 at 7163). The Navy is mistaken.

The government's March 2, 2022, letter demands "reimbursement of the funds in the amount of $4,302,782.81 plus applicable indirect rates plus two percent (2%) fee" (R4, tab 396 at 7163). The demand letter further breaks down the alleged unallowable COVID charges paid to date to PAE per contract price line item and sub-line item (*id.* at 7163-65). Appellant notes the government's claim seeks the repayment of previously paid amounts and asserts the government should know the amount it previously paid appellant for these costs (app. opp'n at 14 n.9).

In her declaration, attached as an exhibit to the government's motion, the contracting officer stated, "I essentially demanded that PAE simply pay-back all the amounts it had invoiced (and been paid) for all contract line items ("CLINS") and sub-line items ("SLINs") that appeared to include unsubstantiated COVID-19 costs" (gov't mot. ex. A ¶ 9). The government contracting officer further asserted she was

unable to ascertain whether that was the correct amount because she did not know whether PAE applied the proper indirect fringe rates to the disallowed billed COVID costs because PAE did not provide her with sufficient information allowing her to determine whether the correct indirect rates had been applied (*id.* at ¶ 7). The government asserts that the contracting officer had "to lump together various labor costs that should not be grouped together for purposes of calculating indirect rates or applicable burdens" (gov't mot. at 11).

Appellant correctly notes that whether PAE applied the correct indirect rates to the disallowed costs goes to the ultimate determination of whether those costs are allowable but does not impact whether the government's claim included a sum certain for the Board's jurisdiction (app. opp'n at 14). *See L-3 Commc'ns Integrated Sys., LP*, 17-1 BCA ¶ 36,865 at 179,626 (motion to dismiss denied even though contracting officer did not provide detailed information showing the basis for the disallowed costs since the final decision provided adequate notice for the basis of the claim and a sum certain.) As such, the contracting officer's lack of knowledge concerning the correct applicable indirect rates does not deprive the Board of jurisdiction over this appeal.

The government further contends the government's demand letter does not meet the sum certain requirement since one cannot calculate the total amount from a "simple mathematical calculation" or from any supporting documentation (gov't mot. at 11). The government is incorrect. As discussed above, the sum certain amount the government requested in its demand letter is the amount the government previously reimbursed PAE for the alleged COVID costs. (*Id.* at ex. A ¶ 9). The additional language concerning applicable indirect rates and fee does not change the demanded sum certain amount.

Moreover, the FAR's sum certain requirement is intended to give adequate notice of the claim amount to the other party. *Creative Mgmt. Servs. LLC v. United States*, 989 F.3d 955, 963 (Fed. Cir. 2021) (The amount claimed must be "readily ascertainable to the party against whom the claim was made."). Here, PAE knows the government's claim amount – the amount the government claims it previously paid PAE for the alleged COVID related costs. In addition, PAE should be able to apply its own indirect rates to the underlying costs and then add the applicable 2% fee amount to arrive at the correct payment amount (app. opp'n at 12). The government, too, can calculate this amount, so both parties were in a position to know exactly what the government was demanding of PAE. Of course, PAE will have to establish the correct payment amount for these costs during this appeal.

Finally, the Board has previously rejected the notion that the requisite sum certain cannot be subject to any qualifications. *Ball Aerospace & Techs. Corp.*, ASBCA No. 57558, 11-2 BCA ¶ 34,804 at 171,275 (government's argument that sum certain requirement cannot be subject to any qualifications is "an overstatement of the

6

Board's precedent").  We find the government's demand letter asserts a sum certain amount.[2]

Finally, the Navy contends the government's March 2, 2022, demand letter is not a COFD since the contracting officer did not intend the letter to be a COFD, the letter advised PAE to contact the contracting officer if it believed the debt or the amount were incorrect, and the letter indicated PAE could submit a request for installment payments or deferment of collection (gov't mot. at 12-15).  In support of its position, the Navy relies heavily on the Federal Circuit's decision in *Sharman Co. v. United States*, 2 F.3d 1564 (Fed. Cir. 1993), *overruled in part by Reflectone, Inc. v. Dalton*, 60 F.3d 1572 (Fed. Cir. 1995).[3]  In *Sharman*, the Federal Circuit held the facts in that case did not demonstrate that the demand letter at issue was a final decision. *Sharman Co.*, 2 F.3d at 1571.  The Federal Circuit's decision in *Sharman* rested, in part, on its finding that the amount the contracting officer demanded was not yet in dispute at the time he issued his demand (*id.*).

Appellant responds that the Federal Circuit specifically overruled the Sharman decision in *Reflectone* (app. opp'n at 18) (citing *Reflectone*, 60 F.3d at 1579, n.10).  In *Reflectone*, the Federal Circuit overruled its prior opinions, including *Sharman*, that a claim had to be in dispute at the time it was submitted to the contracting officer for CDA jurisdiction to attach.  *Reflectone*, 60 F.3d at 1579.  The government does not dispute *Reflectone* overruled that portion of *Sharman* finding a claim had to be in dispute at the time it was submitted to the contracting officer (gov't reply at 10).  The government, however, asserts *Sharman* is still good law with regards to its finding that the contracting officer's demand letter was not a final decision since it identified itself as a "notice and demand for payment" rather than being labeled as a final decision and

_____

[2] In its opposition, appellant requests a limited stay based upon the Federal Circuit's pending decision in *ECC International Constructors, LLC v. Secretary of the Army* as an alternative if the Board found the Navy's claim did not meet the FAR's sum certain requirement (app. opp'n at 20-22).  The Federal Circuit issued its decision on that case on August 22, 2023, finding the CDA sum-certain requirement is a nonjurisdictional rule. *ECC International Constructors, LLC v. Secretary of the Army*, No. 2021-2323 (Fed. Cir. Aug. 22, 2023).  Since we find the Navy's claim meets the sum certain requirement, our decision is not impacted by the Federal Circuit's decision.

[3] In its initial motion, the Navy also relied upon the Court of Federal Claims decision in *Boeing Co. v. United States*, 25 Cl. Ct. 441 (1992), *rev'd*, 991 F.2d 811 (Fed. Cir. 1993) (unpublished table decision).  In its reply motion, the Navy acknowledged the Court of Federal Claims decision in *Boeing* was no longer good precedent since the Federal Circuit had reversed and vacated that decision finding the demand letter at issue was final (gov't reply at 12-13).

specifically invited Sharman "to submit a proposal for deferment of collection...." (*Sharman,* 2 F.3d at 1570; *see also* gov't reply at 11).

We need not determine whether the Federal Circuit would have reached a different result in *Sharman* after *Reflectone* since, as we noted in our recent *Kellogg Brown & Root Services, Inc.* decision, the Federal Circuit found the facts in that case "did not demonstrate that the demand letter was a final decision." *Kellogg Brown & Root Servs., Inc.*, 22-1 BCA ¶ 37,974 at 184,429 n.*. Here, the facts are different. "Whether a communication is a 'claim' within the meaning of the CDA is a question of judgment, which must be exercised on a case-by-case basis as the particular facts present themselves." *Parsons Evergreene*, ASBCA No. 58634, 18-1 BCA ¶ 37,136 at 180,728 (citing *Holk Dev., Inc.*, ASBCA Nos. 40579, 40609, 90-3 BCA ¶ 23,086 at 115,938); *see also Cont. Cleaning Maint., Inc.*, 811 F.2d 586, 592 (Fed. Cir. 1987). Moreover, "[A] claim need not be submitted in any particular form or use any particular wording, but it must provide a clear and unequivocal statement that gives the contracting officer adequate notice of the basis and amount of the claim." *Tolliver Grp., Inc.*, 20 F.4th 771, 776 (Fed. Cir. 2021) (quoting *K-Con Bldg. Sys., Inc. v. United States*, 778 F.3d 1000, 1005 (Fed. Cir. 2015)). Likewise, the government must make a "clear and unequivocal statement" giving "adequate notice" of the basis and amount of its claim. *L-3 Commc'ns Integrated Sys., LP*, 17-1 BCA ¶ 36,865 at 179,625 (requiring government to provide "clear and unequivocal statement" to meet "adequate notice" requirement).

To determine whether the government submitted a CDA claim "we apply a common sense analysis, looking at specific communications on a case-by-case basis and the 'totality of previous correspondence between the parties'." *Kellogg Brown & Root Servs., Inc.*, 22-1 BCA ¶ 37,974 at 184,427 (quoting *Holmes & Narver, Inc.*, ASBCA No. 51430, 99-1 BCA ¶ 30,131 at 149,054); *Selevive Group, LC*, ASBCA Nos. 63292, 63293, 22-1 BCA ¶ 38,220 at 185,636. Prior to the Navy's March 2, 2022, demand, the Navy and PAE exchanged correspondence concerning the allowability of the alleged COVID costs (compl. ¶¶ 48-56; app. supp. R4, tabs 432, 433, 443, 445-46). Moreover, the contracting officer admits she issued the demand letter to "break the stalemate that had arisen between me and PAE about the backup for its COVID-19 costs" (gov't mot. ex. A ¶ 9). In this case, the Navy's March 2, 2022, demand for payment was clear and unequivocal that it sought recovery of the payments previously paid to PAE for the alleged COVID-19 costs. PAE knew both the basis and amount of the government's claim. Based on our review of the totality of the communications between the Navy and PAE, we conclude the March 2, 2022, demand letter is a final decision.

Finally, the government contends the March 22, 2022, demand letter is not a valid CDA claim because the contracting officer did not intend it to be a COFD (gov't mot. at 9-10) (citing gov't ex. A ¶¶ 9, 11). A contracting officer's subjective intent is

8

not controlling as to whether a communication is a final decision.  *See IBM Corp.*, ASBCA Nos. 28821, 29106, 84-3 BCA ¶ 17,689 at 88,207.  Rather, we look to the "totality of [previous] correspondence between the parties" to determine whether a CDA claim exists.  *Kellogg Brown & Root Servs., Inc.*, 21-1 BCA ¶ 37,974 at 184,427.  As discussed above, we find the parties had reached a "stalemate" regarding the allowability of these costs resulting in the contracting officer's issuance of the demand letter.

## CONCLUSION

The Navy's motion to dismiss is denied.

Dated:  August 24, 2023

ARTHUR M. TAYLOR
Administrative Judge
Armed Services Board
of Contract Appeals

I concur

RICHARD SHACKLEFORD
Administrative Judge
Acting Chairman
Armed Services Board
of Contract Appeals

I concur

J. REID PROUTY
Administrative Judge
Vice Chairman
Armed Services Board
of Contract Appeals

I certify that the foregoing is a true copy of the Opinion and Decision of the Armed Services Board of Contract Appeals in ASBCA No. 63233, Appeal of PAE Applied Technologies LLC, rendered in conformance with the Board's Charter.

Dated:  August 24, 2023

PAULLA K. GATES-LEWIS
Recorder, Armed Services
Board of Contract Appeals